## Will Wade v. The State.

### No. 3191.     Decided December 6, 1905.

**1.—Malicious Mischief—Evidence—Acts of Third Parties—Cross-Examination.**

Where in a prosecution for malicious mischief the prosecuting witness was permitted to testify that some time after he had made a complaint against defendant, the brother of defendant assaulted witness by striking him, and defendant objected to this testimony because the same was highly prejudicial, the court should have excluded the same and the fact that defendant cross-examined the witness on said matter after it was introduced would not render the same admissible.

**2.—Same—Evidence—Opinion of Witness.**

On a trial for malicious mischief it was error to permit a witness to testify that she heard a wagon and was watching, as she suspected that defendant and others had thrown rocks at the house before this.    While it would be proper to permit witness to testify that she was watching the wagon or the parties in it at the time the rocks were thrown, it would not be permissible to have witness state that she suspected defendant's family of throwing the rocks.

**3.—Same—Evidence—Cross-Examination—Impeachment—Moral Turpitude.**

When on a trial for malicious mischief the bill of exceptions did not show that the witness was indicted for theft or a crime showing moral turpitude, the court did not err in not permitting defendant on cross-examination of said witness to show that witness had taken some money out of his mother's trunk, etc.; as mere accusation of theft would not be admissible.

**4.—Same—Cost in Examining Trial—Justice Court.**

Costs for holding examining trial in a Justice Court should not be taxed as a part of the costs in the record of a case on appeal to the Court of Criminal Appeals.

Appeal from the County Court of Travis.    Tried below before Hon. John W. Hornsby.

Appeal from a conviction of malicious mischief; penalty, a fine of $5. The opinion states the case.

No brief of either party has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of malicious mischief, and fined $5.

Bill of exceptions number 1 complains that prosecuting witness Geo. Alvis, over the objection of appellant, was permitted to testify that sometime after he made a complaint against defendant, the brother of defendant assaulted witness by striking him. Appellant objected to this testimony on the ground that the same was irrelevant, immaterial, proved no fact in this case, and was calculated to inflame and prejudice the minds of the jury against defendant. The court appends this qualification: "That it is not now clear to the court how this fact was brought out, but the statement of facts discloses that defendant's attorney cross-examined witness Geo. Alvis on this part of his testimony." An examination of the statement of facts shows that the State was permitted to introduce the evidence as contended in the bill of exceptions. The fact that appellant cross-examined him on said matter, after it was introduced, would not render the testimony admissible. It was not admissible for any purpose, as disclosed by this record. Appellant was being prosecuted for malicious mischief, and the fact that his brother assaulted prosecuting witness, without the knowledge or consent of appellant, would be highly prejudicial testimony, and would throw no light upon his guilt of the offense for which he was being tried.

The second bill shows that State's witness, Mrs. Alvis, over appellant's objection, was permitted to testify that she heard the wagon, and was watching, as she suspected that the Wades had thrown rocks at the house before this. It would be proper to permit the witness to testify that she was watching the wagon, or rather watching the parties in the wagon at the time the rock was thrown, if it was thrown; but it would not be permissible for her to testify that she suspected appellant's family of throwing the rocks. This would be proving the suspicions or opinion of a witness against appellant as a criminative fact.

Bill number 3 shows that, after the witness Jake Alvis had testified for the State, appellant on cross-examination asked the witness, if he did not throw rocks at the house, and was caught at it, and laid it on defendant. To which he replied, no. And said witness was asked, if he (witness) had not taken some money out of his mother's trunk, and claimed to her when she returned home that some one had been to the house, and held a pistol on him and took the money, and after the officer got after him, he got the money from where he had hid it, gave it up, and was whipped for said act. The county attorney objected to the admission of such testimony, and the court sustained the objection. In this there was no error. The bill does not show that he was indicted for theft, or any crime showing moral turpitude, and hence mere accusations of theft would not be admissible.

We notice in the record that the justice's court costs for holding examining trial in this case, amounting to $18.35 was taxed as a part of

Vol. 48 Crim.—33.

the costs. We suggest on another trial that this be eliminated, as we have heretofore held such costs should not be taxed. Judgment reversed.

*Reversed and remanded.*