## P. H. MCLAUGHLIN V. THE STATE.

### No. 11286.   Delivered February 15, 1928.

### Rehearing denied April 4, 1928.

**1.—Possessing Intoxicating Liquor—Search Warrant — Its Validity — Waived by Appellant's Testimony.**

Where it was shown that a search warrant under which officers entered and searched the premises of appellant was invalid, and after testimony secured by the search had been erroneously admitted, appellant took the stand and testified substantially to all of the incriminating facts, disclosed by the officers, the validity of the search warrant became immaterial. Having taken the stand himself and admitted having practically everything of a criminative character the officers claimed to have found, appellant is in no position to ask for a reversal of the judgment. See Parker v. State, 91 Tex. Crim. Rep. 68, and other cases cited in original opinion.

#### ON REHEARING.

**2.—Same—Evidence—Admissions of Accused—As Witness—Rule Stated.**

It is an established rule of evidence that the defendant on his trial has the right to meet and rebut testimony which has been wrongfully admitted over his objections, but this rule is not applicable where the defendant objects to testimony, and then takes the stand and testifies to the same state of facts that were objected to, and erroneously admitted, and he cannot thereafter claim injury or hurt of a reversible character arising by virtue of the admission of the testimony originally objected to. Overruling Moore v. State, 146 S. W. 184, and Brown v. State, 150 S. W. 438, insofar as they conflict with this opinion. Distinguishing Dawson v. State, 38 Tex. Crim. Rep. 14, and other cases cited on rehearing.

Appeal from the District Court of Mitchell County. Tried below before the Hon. Fritz R. Smith, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*V. Earl Earp* of Sweetwater, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale. The punishment is two years in the penitentiary.

The search of appellant's house was made under a warrant predicated upon an affidavit based solely upon the "belief" of affiants, there being no statement in the affidavit of the facts or information upon which such belief was founded. Such being the case objection should have been sustained when the

state offered to prove the result of the search. Chapin v. State, 107 Tex. Crim. Rep. 477, 296 S. W. 1095; Sutton v. State, 300 S. W. 639, in which are collated many cases. However, appellant seems to have lost the benefit of his bills by going on the witness stand himself and testifying to every criminative fact which could have been properly excluded as coming from the officers. Some of their testimony was admissible independent of the search warrant. They had watched appellant's house for several nights; had seen numbers of cars going to the house at all times of night and observed parties coming from the house to the cars with something in sacks. Regardless of a warrant this testimony was admissible as circumstances indicating that appellant had the liquor for sale. Appellant admitted in his testimony that he had on hand 420 bottles of beer, a 50-gallon barrel in which to make it, and some 200 empty bottles. His only defense was that he was making and had the beer to be used by himself and wife for medicine. This issue was submitted to the jury who refused to accept appellant's explanation. Having taken the witness stand himself and admitted having in his house practically everything of a criminative character, the officers claimed to have found appellant is in no position to ask for a reversal of the judgment. Parker v. State, 91 Tex. Crim. Rep. 68, 238 S. W. 943; Scharff v. State, 99 Tex. Crim. Rep. 605, 271 S. W. 83; Gonzales v. State (Tex. Cr.), 299 S. W. 901. We quote from Wagner v. State, 53 Tex. Crim. Rep. 306, 109 S. W. 169:

"It is well settled in this state that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. See Rogers v. State, 26 Tex. Crim. App. 404; Walker v. State, 17 Tex. Crim. App. 16; Johnson v. State, 26 S. W. 504; Stephens v. State, 26 S. W. 728; Logan v. State, 17 Tex. Crim. App. 50; West v. State, 2 Tex. Crim. App. 460, and Carlisle v. State, 37 Tex. Crim. Rep. 108."

Later cases following Wagner are Gurski v. State, 93 Tex. Crim. Rep. 612, 248 S. W. 353; Osborne v. State, 106 S. W. 310, 292 S. W. 240.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that if his objection was good when made to the testimony of officers as to what

they found in his place by a search under a defective warrant, then we erred in holding that the error of such admission was rendered harmless by his thereafter taking the witness stand and affirming as true that the officers found what they said they did on his premises. He cites a number of authorities, all of which we have carefully examined. Dawson v. State, 38 Tex. Crim. Rep. 14; Red v. State, 39 Tex. Crim. Rep. 421, and Attaway v. State, 41 Tex. Crim. Rep. 397, go no further than to hold that the error of the admission of illegal testimony over objection, is not rendered harmless because the accused resorted to rebutting evidence to meet, destroy or explain the effect of the illegal testimony theretofore admitted. We do not regard this as contrary to what we have held in the instant case. Wade v. State, 90 S. W. 503, merely holds that an accused who objects to illegal testimony, does not forfeit his objection by cross-examining the witness from whom the illegal testimony was elicited. We are unable to find anything in Turman v. State, 95 S. W. 533, or Clements v. State, 134 S. W. 728, which has application here at all. Zimmer v. State, 141 S. W. 781, holds that one who fails to object to illegal testimony given by a witness, is not thereby estopped to thereafter object when the same or similar facts are offered from another witness. This has no application. In Moore v. State, 146 S. W. 184, and Brown v. State, 150 S. W. 438, are expressions which seem to support appellant's contention. These cases were apparently decided without presentation of the point here under discussion—in fact, the principle of law seemingly had in mind and referred to in the Moore case is the same as that involved in the Dawson, Red and Attaway cases, supra. Moore was on trial for burning Pharr's house to enable Pharr to collect insurance thereon. The state put on Watts who was permitted over objection, to testify that Pharr's house was insured and that the policies were at the home office. The bill complaining of the introduction of this secondary evidence was qualified by a statement that the defense put Pharr on the stand, and he testified in chief to the amount of the insurance on said house, the amount of each policy, the date of same, and the value of the property insured. Stating in the opinion that the admission of Watts' testimony was erroneous, and that the error was not cured by the testimony of Pharr, this court, citing no authorities, says that no rule seems better established than the one that when testimony has been erroneously admitted, and the defendant is thereby called on to meet such testimony, the fact that he does introduce testimony to meet it, does not cure the error. The Brown case, 150 S. W.

437, written by the same judge who 'wrote in the Moore case, supra, is on facts much like the Moore case just discussed, save that in it, it appears that the accused took the stand and testified to the fact of insurance on the burned house, the amount of the policies, etc. The opinion in the Brown case cites only the Moore case, supra, as authority, and relies for its soundness on the same principle of law referred to in the Moore case, viz: that when evidence is erroneously admitted, the accused has the right to meet it and rebut it with other testimony. We are constrained to conclude that the attention of the great jurist who wrote for this court in both the Moore and Brown cases, supra, was focused on the proposition—correct in principle, but not in its application to the facts in those two cases—which had been theretofore announced in other cases on facts suitable, viz: that one against whom testimony has been wrongfully admitted has the right to meet it and rebut it and overcome it. None of those cases, and in fact no others known to us, hold that the accused can admit the truth of the very testimony to which he is objecting and thereafter claim injury or hurt of a reversible character arising by virtue of the admission of the testimony originally objected to. The very fact that the judge who wrote in the Moore and Brown cases, supra, was a member of this court when many opinions in consonance with our holding here were written and some of which were written by him, further leads us to conclude that he did not intend his holding in those cases to be taken in the manner in which it is here insisted upon by appellant. The rule announced in this case seems to have been uniformly adhered to from the beginning. In West v. State, 2 Tex. Crim. App. 460, this court said:

"We can see no injury that was done by the admission of this evidence. The same facts had already been testified to by two witnesses, and allowed to go to the jury without objection."

So, also in Walker v. State, 17 Tex. Crim. App. 16. In Johnson v. State, 26 S. W. 504, it is said:

"Whether the court erred, or not, in admitting the statement of Johnson, is immaterial in the consideration of this case, because the appellant himself took the stand in his own behalf, and testified substantially to the same facts."

The opinion preceding this one in the book was written by the writer of the opinions in the Moore and Brown cases, supra. In Stephens v. State, 26 S. W. 728, the writer of the opinions in the Brown and Moore cases, writing for this court, said:

"This evidence was properly admitted. But, if not, the appellant took the stand, and on his direct examination testified to the same evidence, and reiterated it on cross-examination."

In Rogers v. State, 26 Tex. Crim. App. 404, it is said:

"The objections to this testimony were that the ownership of Mary Gandy must be proved by deed or other written evidence of title, and that Skipper's testimony as to her ownership was merely hearsay. It is a sufficient answer to this supposed error to say that the ownership of Mary Gandy of the house in question is sufficiently established by other testimony adduced on the trial without objection on the part of the defendant."

Numerous opinions of this court from the date of the above down to the present might be cited, all holding in line with what we have here said. If anything in the opinions in the Moore and Brown cases, supra, is contrary to the opinion here expressed, same will be overruled.

The motion for rehearing is overruled.

*Overruled.*