MIKE MALADIN V. THE STATE.

No. 15555. Delivered March 1, 1933.
Reported in 58 S. W. (2d) 91.

The opinion states the case.

*Willis, Studer & Studer,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale; punishment, three years in the penitentiary.

Peace officers searched the residence of appellant under a search warrant and a search of the residence proper failed.to reveal any whisky, but a search of the basement or cellar of the house resulted in finding about 3½ gallons of whisky. The evidence showed that appellant had moved into the house sometime in January preceding the time of the search on March 9th. The state also introduced evidence to show that some people had been seen going to and from the residence carrying something in paper sacks away from said house. This, however, was a contested issue, one of appellant's closest neighbors denying these facts. At the time the house was searched by the officers, the evidence showed that a man by the name of Guy Teal and one R. W. McQuerry were in the house with the appellant. They were sitting in the front room of the house at the time the officers came in. It is also in evidence the liquor was found in the cellar in a hole in the ground and it was necessary to take up some bricks to get to it. It is also in evidence that Guy Teal, one of the men in the house with the appellant at the time, had moved into said house a couple of days after the appellant did and had stayed in Borger part of the time and part of the time he stayed with the appellant.

Appellant·testified in his own behalf and denied knowing anything about the intoxicating liquor being in the cellar of the house he occupied. He admitted, however, that he was in charge of and in possession of the house and the same was under his control and management.

By bill of exception No. 7, it is made to appear that while the witness McQuerry was testifying, the appellant offered to prove by the said McQuerry as a witness that he was present at said premises just immediately before the officers arrived and inquired of appellant where he could get some whisky or whether he could get it from appellant, and the appellant told said witness that he did not have any whisky. The state objected to said testimony as being a self-serving declaration, which objection was sustained by the court and the witness was not permitted to testify. The bill further shows that had the witness been permitted to testify he would have testified substantially as stated in said bill.

Bill of exception No. 8 shows that after the occurrence set out in bill of exception No. 7 had taken place, that the state's counsel took the witness for further examination on the part of the state and asked said witness why he was at defendant's place or under what circumstances he was at said place on the occasion in question when the raid was made, and drew from said witness McQuerry that he went to said defendant's place to get a drink of whisky, and thereupon appellant immediately re-offered the testimony of the witness McQuerry and offered to prove by him that he had inquired for some whisky and had been unable to get it, appellant insisting that he did not have it. The court refused to permit the appellant to prove such fact by the said witness. Appellant insists that the effect of the refusal of the court to allow him to prove by the said witness that he could not obtain any whisky from the appellant was to make the state exclude appellant's explanation through the witness and to leave the matter before the jury without any explanation that the witness McQuerry went there to get a drink of whisky; that if it was not permissible to prove by said witness said testimony originally, that it became admissible in evidence by reason of the state introducing a part of the transaction.

It seems too plain for argument that the accused ought to have been given the opportunity to have explained to the jury that an act shown to be criminal by the state was not in fact such. In the case of Williams v. State, 17 S. W. (2d) 1057, Judge Lattimore,· speaking for this court, held that where the defendant was found at a still in a pasture with mash and water on his boots and washing his hands in a barrel, that he

had the right to produce evidence to show that he was on his way to the home of one Ellen Lewis to work on her car and he did not start the still and had nothing to do with it, and the court erred in not permitting his father and brother to testify that he told them when he left on the morning in question that he was going to the home of Ellen Lewis to work on her car. Judge Lattimore points out in said opinion that the statements were not self-serving and they were part of the res gestae which should have been admitted in behalf of the appellant. As illustrative of the question, see Jackson v. State, 55 Texas Crim. Rep., 79, 115 S. W., 262; Field v. State, 299 S. W., 258; Haley v. State, 2 S. W. (2d) 259. We are of the opinion that under the authorities the exclusion of the evidence sought to be elicited from the witness constituted reversible error. The state having elicited from said witness the fact that he went to appellant's place for the purpose of obtaining liquor from the appellant, it was clearly permissible for the appellant to show that he could not obtain said liquor and the statements of the appellant to the effect that he had no liquor for sale.

Bill of exception No. 10 shows that the state placed on the witness stand one M. M. Newman, who testified that he knew the general reputation of defendant in or near McLean as to whether he was a peaceful, law abiding citizen or not, and in connection with his answer that he knew such reputation, volunteered the remark that the defendant had the reputation of being a bootlegger, to which the appellant objected that it was not proper for the state to prove the reputation of the defendant for the very offense for which he was on trial and said remark was so prejudicial as to require him a new trial and asked the court to withdraw the jury and give him a new trial. The court sustained the objection and withdrew the remark from the jury, but the appellant nevertheless excepted to the ruling of the court because the remark was so prejudicial that the withdrawal of it would not cure the effect of such testimony being placed before the jury.

One of the very issues involved in the case was whether the appellant possessed the liquor, if he did possess it, for the purpose of sale, and the testimony of the witness, although volunteered, was a direct statement to the jury that the appellant's reputation was that of a bootlegger. We are in serious doubt as to whether or not the court under such circumstances was able to withdraw from the jury the damaging effect such testimony was likely to have had upon the jury. Appellant denied that he had any whisky at all or that he ever sold any whisky. There was no direct evidence, so far as the record discloses,

that he had been known to sell liquor, and therefore we are unable to say that it was not harmful to the appellant. We disclaim any intention of holding that a situation of the character here presented should in every case work a reversal. However, in the present case, we are unable to say that the prejudicial statment of the witness was not appropriated by the jury in determining the issue of guilt and in assessing the penalty.

By bill of exception, appellant contends that the search of the premises was not made by virtue of a valid search warrant based upon a valid affidavit and for that reason the testimony of the officers as to what they found in the cellar of the house occupied by the appellant was inadmissible. This objection passes out of the case because the appellant admitted in his own evidence the finding of the liquor by the officers in the cellar of the house occupied by him. McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Sifuentes v. State, 109 Texas Crim. Rep., 398, 5 S. W. (2d) 144; Hood v. State (Texas Crim. App.), 10 S. W. (2d) 94.

Appellant insists that the trial court erred in not instructing the jury on the law of circumstantial evidence and an exception was reserved to the charge for failure to so charge. Under the evidence, we do not think the issue of circumstantial evidence arose. The undisputed evidence in this case shows that 3½ gallons of whisky were found in the cellar of the house. The appellant himself testified that he had rented the house, paid the rent therefor, and it was under his sole control and management. As shown by the evidence, the cellar was directly under the house and was a part thereof. It is further shown by appellant's own testimony that he had kept a police dog owned by him in said cellar and had gone down there to feed her a number of times. Under article 671, P. C., the possession of more than one quart of intoxicating liquor shall be prima facie evidence that it was possessed for the purpose of sale. The only issue under the facts in this case was whether or not the appellant knew of the existence of the whisky in the cellar of his house. The learned trial judge charged the jury in effect that "if appellant didn't know of the presence in the cellar of the whisky which was found therein, or if the jury had a reasonable doubt as to whether he knew of its presence, he should be acquitted." By virtue of said charge appellant was given the full benefit of his defensive theory in the charge above referred to. Under all the facts and circumstances in this case, we do not believe a charge on circumstantial evidence was required. See Davis v. State, 98 Texas Crim. Rep., 643,

267 S. W., 513; Egbert v. State, 76 Texas Crim. Rep., 663, 176 S. W., 560.

A motion for continuance was presented to the court and overruled. Appellant complains of this action of the trial court. Complaint is also made of the argument of the district attorney. As these matters are not likely to occur on another trial and the case must be reversed on another issue, we pretermit a discussion of same.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.