TELESFORO SALCIDO V. THE STATE.

No. 16587.   Delivered April 11, 1934.
Rehearing Denied May 9, 1934.

The opinion states the case.

*Chas. Owen,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving and concealing stolen property; the punishment, a fine of sixty dollars and confinement in jail for thirty days.

Pilar Marquez burglarized a box car and took therefrom a quantity of merchandise. The following day he and Jose Rivera carried part of the stolen goods to the store of appellant and delivered same to appellant in person. Shortly thereafter officers went to appellant's place of busness and asked him if he had any of the stolen articles. He answered in the negative. At this juncture Pilar Marquez, who was present with the officers, advised appellant to get the merchandise for the officers. Appellant secured a shovel and, going to a point in a cotton field a quarter of a mile from his store, dug up some of the stolen merchandise. Appellant testified that he bought the goods in question from Pilar Marquez; that after having made the purchase he placed the goods on his shelves; that thereafter he was advised that the officers were after a man named Marquez on a charge of robbery; that he then thought that the goods Marquez had delivered to him might be stolen; that he decided to bury the goods for the reason that he was afraid the officers would charge him with the theft; that he had no knowledge at the time he received the merchandise from Marquez that same had been stolen.

Appellant predicated a motion in arrest of judgment on the ground that it was not alleged in the complaint and information that he *fraudulently* concealed the stolen property. He points out that the jury expressly found him guilty of concealing the property and takes the position that it was necessary for the complaint and information to allege that the propery was fraudulently concealed. It is alleged in the complaint and information that appellant did "then and there unlawfully and fraudulently receive from Pilar Marquez, and did conceal certain property." The property is then described, and the other essential ingredients of the offense are alleged. If it should be held to be necessary to charge that the property was fraudulently concealed,— and we disclaim any intention of so holding,—the opinon is expressed that such allegation was sufficient.

The confession made by Pilar Marquez was introduced in evidence by the State. One paragraph in this confession recited that the goods Marquez had stolen had on the following day been delivered to appellant. Appellant contends that this statement in the confession connecting him with the offense should have been eliminated from the consideration of the jury. Conceding that appellant's contention is correct, it is observed that

appellant himself testified that the property was delivered to him the following day by Pilar Marquez. In the state of the record, the error was harmless.

Appellant presented to the court his requested instruction to the effect that he should be acquitted if the jury believed that he received the stolen goods in good faith and did not know at the time of such reception that same had theretofore been stolen, and thereafter concealed said goods without knowing prior to the time that he had received same that said goods had been stolen. This being a misdemeanor, in the absence of an entire omission from the charge of appellant's affirmative defense, it was incumbent upon appellant to present a correct special charge on the subject. The charge presented to the court was incorrect in that it, in effect, would have advised the jury that appellant would not be guilty of concealing the stolen property unless he knew at the time he received same that it had been stolen. This is not the law. If appellant did not know at the time he received the stolen property that it had been stolen he would not be guilty of fraudulently receiving such property; but if subsequently he ascertained that the property had been stolen, and after so finding, concealed it with a fraudulent design, he would be guilty under that phase of the statute inhibiting the concealment of stolen property. See Kahanek v. State, 201 S. W., 994.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The only point urged in appellant's motion for rehearing to which we think it necessary to advert is his contention that we were wrong in our holding that if the court below committed error in admitting in evidence that part of Marquez's confession which recited that the property stolen by him had been delivered to appellant, the error was harmless in as much as appellant himself testified that he received the property from Marquez.

Supporting our holding are many authorities, some being Wagner v. State, 53 Texas Crim. Rep., 306, 109 S. W., 169; McLaughlin v. State, 109 Texas Crim. Rep., 307; 4 S. W. (2d) 54; Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2d) 1060; Reusch v. State, 45 S. W. (2d) 209; Schaefer v. State, 53

S. W. (2d) 302; Maladin v. State, 58 S. W. (2d) 91. The opinions in the cases cited refer to many others for like holding.

The motion for rehearing is overruled.

*Overruled.*