## D. E. CROSSETT V. THE STATE.

No. 17294.   Delivered March 6, 1935.
Rehearing Denied April 3, 1935.

The opinion states the case.

S. F. Rose, of Amarillo, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully possessing for the purpose of sale spirituous liquor capable of producing intoxication, and his punishment was assessed at confinement in the State penitentiary for one year and three months.

The appellant, who resided at Amarillo, Texas, and W. I. Pate and a lady friend were arrested by a deputy sheriff at a tourist cabin near the town of Quitaque in Briscoe County on the evening of December 24, 1933, and were taken before the justice of peace of said town.   The sheriff testified that after the appellant was in the justice of peace's office he waived a search warrant and thereupon he, the sheriff, searched their car, which was an Auburn sedan, and found therein approximately 90 gallons of whisky.   The appellant did not testify in

his own behalf and the only testimony he offered was in support of his plea for a suspended sentence.

By bills of exception Nos. 1 and 2 the appellant complains of the action of the trial court in permitting the witnesses Jim Libby and Mr. Graham to testify that the search of the car disclosed a quantity of whisky. He based his objection upon the ground that the car was searched by the officers without a search warrant and the search was therefore illegal. We can not agree with the appellant's contention because the sheriff testified without any objection on the part of the appellant as to what he found in the car as a result of the search. It has been repeatedly held that even where evidence is erroneously received, if the same evidence from other sources goes into the record without objection, the error is unavailable. In other words, that illegally obtained evidence does not call for a reversal where other testimony to the same effect goes into the case without objection. See McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Montgomery v. State, 31 S. W. (2d) 440; Flower v. State, 18 S. W. (2d) 659; Graham v. State, 69 S. W. (2d) 73. Besides, the sheriff testified that the appellant waived a search warrant and his testimony was not controverted. If the appellant waived the search warrant and agreed to a search of the car, it was not necessary for the officers to procure a search warrant in order to search the same.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING

HAWKINS, JUDGE.—We find nothing in appellant's motion which leads us to think the affirmance of the judgment was erroneous. The evidence appears ample to support the verdict. The complaint in bill of exception No. 3 is that the sheriff was permitted to testify that Mrs. Hatcher had informed him that there was whisky in the car. The sheriff gave practically the same testimony without objection. It was admissible on the issue of "probable cause."

The motion for rehearing is overruled.

*Overruled.*