**Michael Lawrence FAIR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Dennis Ray HESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47321, 47322.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Robinson & Wilson, Abilene, for appellants.

Ed Paynter, Dist. Atty., Glenn Heatherly, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The convictions are for unlawful possession of marihuana; the punishment in each case, eight (8) years.

At about dusk on July 20, 1972, Officers Byrne and Hart of the Texas Highway Patrol were traveling in their patrol car when they observed a red Ford Falcon station wagon speeding in an easterly direction on Interstate 20 between Merkel and Trent in Taylor County. The officers turned their patrol car around and began pursuit of the station wagon clocking it at the speed of 78 M.P.H. As the officers pursued the station wagon they could see only the driver, later identified as appel-

lant Hess, in the car. The officers turned on the red light on their patrol car and the station wagon pulled over to the shoulder of the road. After the car reached the shoulder the driver appeared to be reaching and putting something under the right hand front seat. At that time another person, later identified as appellant Fair, Came from the back end of the station wagon and crawled into a passenger's seat. As a result of the actions of the driver and the passenger the officers were apprehensive that the occupants of the station wagon might be armed with weapons. After both the station wagon and the patrol car were stopped both the driver, Hess, and the passenger, Fair, walked back to the patrol car. Upon being asked for identification both Hess and Fair presented out-of-state driver's licenses. The station wagon bore out-of-state plates.

As the officers were talking to the appellants Officer Hart noticed a "dagger-type" knife in a sheath in Hess' belt. Officer Byrne asked the appellants if they had any other weapons in the station wagon. Appellant Fair told the officers that there was an automatic pistol in the glove compartment. Byrne then went to the station wagon and found a fully loaded automatic pistol in the glove compartment. He then noticed an Humble credit card on the right front floorboard with the name P. J. C. Smith on it. Next to the credit card he found a small paper sack which contained cigarette papers and marihuana. Both the credit card and paper sack were in plain view. Shortly thereafter, two Taylor County deputy sheriffs arrived and with Officer Byrne searched the station wagon and found a suitcase which contained approximately 28 pounds of marihuana in the back of the station wagon.

Both appellants claim in their only ground of error that the marihuana was seized as a result of an unreasonable search and seizure. Both appellants waived a jury and entered pleas of not guilty before the court.

 We find it unnecessary to determine the lawfulness of the search. In the instant case, both the appellants took the witness stand and admitted that they had purchased the marihuana in Tucson, Arizona and were transporting it to the State of Maryland. An accused cannot admit the truth of the very testimony to which he is objecting and thereafter claim injury or hurt of a reversible character arising by virtue of the admission of the testimony originally objected to. McLaughlin v. State, 109 Tex.Cr.R. 307, 4 S.W.2d 54. For other applications of the above stated rule see Palmer v. State, 475 S.W.2d 797 (Tex.Cr.App. 1972), and Moulton v. State, 486 S.W.2d 334 (Tex.Cr.App. 1971), and cases therein cited.

Finding no reversible error, the judgments are affirmed.

Opinion approved by the Court.