**Carolyn Joyce SIROKY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 12–81–0005–CR.**

Court of Appeals of Texas, Tyler.

Jan. 20, 1983.

Rehearing Denied Feb. 16, 1983.

Ct. of Crim. Appeals Refused Discretionary Review May 25, 1983.

Discretionary Review Refused May 25, 1983.

Dean White, Canton, for appellant.

Tommy Wallace, Dist. Atty., Canton, for appellee.

## OPINION

COLLEY, Justice.

Appellant was convicted of the offense of possession of more than four ounces of marihuana by a jury on her not guilty plea. The jury assessed punishment at three years confinement in the Texas Department of Corrections. The State relied on circumstantial evidence in the prosecution of such case.

Appellant presents five grounds of error in seeking a reversal of her conviction.

By her first ground appellant claims that the trial court committed reversible error in refusing to grant appellant's motion for mistrial made after the State's witness McGrady testified on direct examination during the punishment phase as follows:

Q. Do you know her reputation in the community there in Van for being a peaceful and law abiding citizen?

A. I know her reputation.

Q. Is that reputation good or is it bad?

A. I would have to say it was bad. Drug dealer.

Appellant argues that the nonresponsive answer of McGrady "drug dealer" was an incurable prejudicial response requiring reversal of the conviction. She cites *Maladin v. State,* 123 Tex.Cr.R. 77, 58 S.W.2d 91 (Tex.Cr.App.1933) in support of her contention. In *Maladin,* the defendant was on trial for the offense of possession of intoxicating liquors for the purpose of sale. A State's reputation witness volunteered (nonresponsive answer) that defendant Maladin had a reputation as a "bootlegger." Objection and motion for mistrial was made. The trial court sustained the objection to the nonresponsive answer and instructed the jury not to consider the remark but refused to grant a mistrial. Defendant duly perfected his bill of exceptions which was sustained as reversible error.

Our research reveals that *Maladin* has never been expressly overruled; and we do not attempt to distinguish such decision from the case at hand other than to note that the nonresponsive answer of the witness in *Maladin* was heard by the jury before the jury's decision on guilt or innocence of the defendant. In the case at bar the remark complained of was made at the punishment phase of the trial under our present bifurcated system. Appellant would have us believe that because of this remark the jury refused to grant appellant probation in the case. While the jury did not, as they had a right to do, recommend probation for appellant, the punishment assessed by the jury was only one year more than the minimum prescribed for the offense.

■ The Court of Criminal Appeals has consistently held that errors in the admission of improper testimony are usually cured by the trial court's prompt withdrawal of the same from the jury with instructions to disregard, unless the "... evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Bolden v. State,* 504 S.W.2d 418 (Tex.Cr.App.1974). Likewise the rule is the same respecting testimony involving extraneous offenses purportedly committed by the defendant. Prompt instructions by the trial judge renders such improper testimony harmless. *Evans v. State,* 542 S.W.2d 139 (Tex.Cr.App.1976).

■ We believe our decision on appellant's first ground of error is controlled by *Boykin v. State,* 504 S.W.2d 855 (Tex.Cr.App.1974). In *Boykin,* the defendant was on trial for the offense of robbery. A State's character witness when asked on direct examination when he first met the defendant, replied, "I was robbed by him." The trial court, as in the case before us, promptly sustained defendant's objection to

the nonresponsive answer, instructed the jury to disregard same, but denied defendant's motion for mistrial. The Court of Criminal Appeals held no reversible error was committed in overruling the motion for mistrial. *See also, Campos v. State,* 589 S.W.2d 424 (Tex.Cr.App.1979, panel); *Evans v. State, supra.* No reversible error is shown and appellant's first ground is overruled.

We now address appellant's remaining four grounds of error by which appellant asserts that the evidence is insufficient to sustain appellant's conviction because the State's proof does not show:

(2) that appellant knowingly possessed marihuana;

(3) in-court identification of appellant;

(4) possession of a useable amount of marihuana; and

(5) possession of more than four ounces of marihuana.

We have carefully reviewed the facts proved by the State. The record shows that police officer J.L. Goodson (Goodson) with five other officers executed a search warrant issued by a magistrate to search the premises occupied by the appellant and her daughter. Upon arriving at appellant's home Goodson knocked on the door or rang the doorbell of the residence and appellant came to the door, admitted the officers and then went to her bedroom accompanied by Officers Goodson and Geddy where she retrieved a housecoat or robe from a closet in a bedroom. After robing, the appellant went to the kitchen of the residence and sat down in the company of two other officers while Goodson and Geddy and two others conducted a search of the premises. The remaining officers searched the bedroom and the closet therein from which appellant had taken her robe or housecoat and found a small amount of marihuana on one of the shelves in the closet in appellant's bedroom. The officers also found marihuana in a bottle in a paper sack on a chest or cabinet in the bedroom where the closet was located. Appellant was thereupon arrested and the marihuana seized by the officers.

State's witness, Claude Latta, a Department of Public Safety chemist, testified that the marihuana seized in the search of appellant's home and introduced into evidence weighed more than four ounces. There was no direct testimony that the marihuana was useable.

 It has been established by many decisions of the Court of Criminal Appeals that the State, in order to establish unlawful possession of a controlled substance, must prove two elements:

(1) that the defendant exercised control, care and management of the substance, and

(2) that the defendant knew the substance possessed was contraband.

*Curtis v. State,* 519 S.W.2d 883 (Tex.Cr.App. 1975). Possession need not be exclusive, however, and a showing of joint possession with another is sufficient. *Martinez v. State,* 539 S.W.2d 885 (Tex.Cr.App.1976). Whether the possession of the accused is sole or joint, still an affirmative link must be established between the accused and the controlled substance by proof of other independent facts and circumstances. *Ayers v. State,* 570 S.W.2d 926 (Tex.Cr.App.1978) and such affirmative link may be established by circumstantial evidence. *Rodriquez v. State,* 496 S.W.2d 46 (Tex.Cr.App. 1973).

 Based on our review of the facts and circumstances proved by the State, as shown by the record in this case, and although the residence was not exclusively occupied by the appellant, we find that the evidence is sufficient to establish appellant's possession of over four ounces of marihuana at the time of the search in this case. Appellant was alone at her home at the time of the search and the marihuana was discovered in her bedroom where her clothes were located and kept. *Mendoza v. State,* 583 S.W.2d 396 (Tex.Cr.App.1979).

The authorities cited by appellant in our judgment are inapplicable to the fact situation in this case. Appellant's grounds two and five are overruled.

**480**

Officers Goodson and D.L. Geddy identified appellant Siroky as the person arrested at the scene of the search at the time of trial. Appellant's ground of error three is overruled. By her fourth ground of error appellant contends that the evidence is insufficient to establish that the marihuana possessed was useable.

Mr. Claude Latta, as above stated, identified the plant substance as marihuana and testified that it weighed in excess of four ounces. This testimony is undisputed.

In *Lejeune v. State,* 538 S.W.2d 775 (Tex.Cr.App.1976), Judge Onion, writing for the court, held after review of sections 4.05 and 4.051 of the Controlled Substance Act (Article 4476–15, V.A.C.S.) and following the result in *Carmouche v. State,* 540 S.W.2d 701 (Tex.Cr.App.1976) (decided the same day) that the appellate court could take judicial notice that one-fourth of an ounce of marihuana was a useable amount. Here the undisputed evidence is that more than four ounces of marihuana was involved in the possession by appellant. Therefore, we take judicial notice that over four ounces of marihuana is a useable quantity of marihuana. The holding in *Lejeune* precludes any claims that the marihuana seized in this case was not useable based on a qualitative analysis, other than an identification of the substances by a qualified witness as marihuana. Appellant's fourth ground of error is overruled.

The trial court's judgment is affirmed.

McKAY, J., not participating.