James B. MILLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00221–CR.

Court of Appeals of Texas, San Antonio.

Feb. 28, 1990.

Richard E. Langlois, San Antonio, for appellant.

Fred G. Rodriguez, Therese Huntzinger, Lyndee Ahnstedt Bordini, Jay Brandon, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and CHAPA, JJ.

## OPINION

CADENA, Chief Justice.

After a jury found appellant guilty of possession of methamphetamine, the judge sentenced him to imprisonment for 25 years. We reverse the conviction and remand the case for new trial because the trial court reversibly erred in overruling appellant's motion to suppress and permitting the introduction of evidence obtained as the result of an unlawful arrest and search.

After police had received an anonymous telephone call asserting that a moustached caucasian male, 69 inches in height and wearing a green jacket was selling drugs at a convenience store on Fredericksburg Road in San Antonio, Officer Wong and his partner went to the store to investigate. Appellant was the only person there who met the description given by the anonymous caller. According to Wong, as he approached the appellant in order to talk to him, appellant appeared to become nervous and fidgety. Wong testified that when "someone gets nervous and fidgety like" and "keeps putting their hands in their pockets, then we frisk them to make sure they don't have any weapons...." During his pat-down search of appellant, Wong discovered an amber medicine bottle in which he could see a plastic baggie which he believed contained marijuana. Based on this discovery, Wong arrested appellant and, while conducting an inventory search, he found in appellant's wallet the methamphetamine which was introduced in evidence.

To justify a search of the person, the state must show that the search was justified at its inception and whether the scope of the search was reasonably related to the circumstances which initially justified the search. *Terry v. Ohio*, 392 U.S. 1, 19–20, 88 S.Ct. 1868, 1878–1879, 20 L.Ed.2d 889 (1968). Even if we assume that the anonymous telephone call justified the investigative stop, the surrounding circumstances do not show that the scope of the search was justified. When it seeks to justify a search of the person, the state must show that, in light of the surrounding circumstances, a prudent man would be justified in believing that his safety or that of others was endangered. *Id.* at 27, 88 S.Ct. at 1883. In determining whether the officer acted reasonably under the circumstances, we will give weight to the inferences which he is entitled to draw from the surrounding facts in light of his experi-

ence, and not to his inchoate and unparticularized suspicion or hunch. *Id.* at 27, 88 S.Ct. at 1883; *Brem v. State,* 571 S.W.2d 314, 318 (Tex.Crim.App.1978).

■ In this case Wong's testimony merely establishes that he "felt" the search was necessary because appellant was nervous, could not stand still, and his hands "were everywhere." However, the officer admitted that, despite the apparent nervousness and constant hand movement, appellant did nothing suspicious.

The Court of Criminal Appeals has recognized the fact that a person becomes nervous and fidgety at the approach of a police officer does not justify a search, since "most people will react nervously when accosted by an officer." *Glass v. State,* 681 S.W.2d 599, 602 (Tex.Crim.App.1984).

Since the State has failed to show the existence of circumstances justifying the initial search and subsequent arrest and inventory search of appellant, the evidence obtained by Wong was illegally obtained and inadmissible.

■ The State argues that appellant has waived his right to claim error in the admission of the evidence obtained as a result of the search because he took the stand and, on cross-examination, admitted possession of the contraband. This argument is based on the well-established rule that an error in admitting evidence may be rendered harmless or waived if the aggrieved party introduces evidence to the same effect, or permits the opponent to do so at another point in the trial without objection. *See Nicholas v. State,* 502 S.W.2d 169, 175 (Tex.Crim.App.1973). However, the rule is inapplicable in this case.

The State attempts to support its argument of waiver and lack of harm on *Thomas v. State,* 572 S.W.2d 507 (Tex.Crim.App. 1976). However, its argument rests on a misinterpretation of the holding in that case.

The State relies on the language in *Thomas* which points out that if a defendant takes the stand to deny testimony admitted over proper objection there is no waiver, but that if, in testifying, he admits or confirms the truth of the evidence objected to, a waiver of the objection occurs. *Thomas,* 572 S.W.2d at 513. The State then tells us that *Thomas* illustrated this rule by referring to the facts in *McLaughlin v. State,* 109 Tex.Crim. 307, 4 S.W.2d 54 (1928). *Id.* at 514.

The problem with the State's argument is that it is based on a reading of the *Thomas* opinion which was abandoned before the end of the opinion was reached. As a result, the actual holding was overlooked. Judge Onion, after pointing out that the defendant had merely confirmed that he was in possession of the contraband, making no effort to rebut or contradict the facts shown by the evidence improperly admitted, said, "Under our prior view, this situation would most likely fall under the doctrine of curative admissibility and appellant's objection to the illegal search and seizure would have been deemed waived. *McLaughlin v. State, supra,* ..." *Thomas,* 572 S.W.2d at 515.

Judge Onion was careful to point out that *McLaughlin* was decided before *Harrison v. United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968), and that since that pronouncement by the United States Supreme Court, the rule applied in *McLaughlin* is no longer applicable. Since the *Harrison* decision,

the harmful effect of improperly admitted evidence which is obtained by illegal police practices is not cured when a defendant gives testimony ... which establishes the same or similar facts unless the State can show that its illegal action in obtaining and introducing the evidence did not impel the defendant's testimony.

*Thomas,* 572 S.W.2d at 516. According to Judge Onion, the question under such circumstances "is not *whether* the petitioner made a knowing decision to testify, but *why.*" *Id.* If the defendant testified in order to overcome the impact of the evidence illegally obtained and improperly introduced, his testimony is tainted by the same illegality which rendered the fruits of the search inadmissible. *Id.*

In the case before us, as in *Thomas*, appellant properly objected to the evidence which was obtained by an illegal search and seizure and there is no showing by the State that its illegal action did not impel appellant's testimony. In fact, as in *Thomas*, "it is apparent that appellant would not have taken the stand if the illegally obtained evidence had not been admitted because that was the only evidence the State introduced." *Thomas*, 572 S.W.2d at 516. The State's contention that appellant waived his objection must be rejected.

The judgment is reversed and the case is remanded for a new trial.