Rodney Hudson v. The State of Texas

















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-228-CR

     RODNEY HUDSON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 40th District Court
Ellis County, Texas
Trial Court # 22680CR
                                                                                                                 

O P I N I O N
                                                                                                                 

      Rodney Lamar Hudson was charged with possession of a controlled substance, i.e., cocaine,
a first degree felony. Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a)(e)
(Vernon Supp. 1998). After the court overruled his pretrial claim that the cocaine was illegally
seized, he pled not guilty. A trial resulted in the jury's convicting him and assessing 30 years in
prison and a $10,000 fine. Tex. Pen. Code Ann. § 12.32 (Vernon 1994). Hudson appeals on six
points by which he attacks the pretrial ruling on the motion to suppress evidence, three evidentiary
rulings, and the court's refusal to direct a verdict of not guilty.
FACTS
      Hudson was driving a car that had been rented by Donald Bail. He was stopped for speeding
by DPS trooper Michael Turner, who was accompanied by Casey Borders, an Ennis Police Officer. 
When Turner discovered that Hudson did not own the car, he asked him to get out. He said that
Hudson appeared to be nervous and told him that he was traveling with the vehicle behind him,
which Turner had also stopped. Turner left Hudson and talked to the other driver, Bail, whom he
said was also nervous. Both Bail and Hudson denied having any drugs or weapons in their cars,
and Turner did a "pat down" search of Hudson. He said that he smelled a strong odor of what he
believed to be cocaine coming from Hudson's body. Although he felt a "hard substance" in
Hudson's crotch, which he suspected was cocaine, he only told Hudson to sit in the patrol car. 
Turner walked to Hudson's car, then returned to the passenger side of the patrol car. He pulled
his weapon, pointed it at Hudson, and told him he "wanted the bag of cocaine he was carrying in
his underware." Turner unbuckled Hudson's pants and removed a bag of white powder from inside
his clothing. Hudson was arrested and charged with possession of cocaine.
MOTION TO SUPPRESS EVIDENCE
      Hudson's first point essentially attacks the court's ruling on his motion to suppress the evidence
(cocaine) on the basis that no probable cause existed for Turner to seize it.
      In a hearing on a motion to suppress evidence, the trial judge is the sole and exclusive trier of
fact and judge of the credibility of the witnesses as well as the weight to be given to their
testimony. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We afford
almost total deference to a trial court's determination of historical facts that the record supports,
especially when the court's fact findings are based on an evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same amount of
deference to the court's rulings on application of law to fact questions, known as "mixed questions
of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility
and demeanor. Id. We review "de novo" mixed questions of law and fact not falling into this
category. Id. 
      We must examine the circumstances leading up to Turner's pat-down search of Hudson's
person. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (the
standard for reviewing the existence of probable cause is the "totality of the circumstances" test);
see also Amos v. State, 819 S.W.2d 156, 161 (Tex. Crim. App. 1991), cert. denied, 504 U.S. 917,
112 S.Ct. 1959, 118 L.Ed.2d 561 (1992). 
      As the State notes, Hudson does not contest Turner's right to have stopped him for speeding. 
Thereafter, according to Turner, Hudson gave him a rental agreement for the car showing it was
rented to someone else, was nervous, and gave contradictory answers. After Hudson gave Turner
permission to search the car, because Hudson was wearing baggy clothing, Turner decided for his
own protection to search Hudson for weapons. The search of Hudson's person caused Turner to
believe that he was carrying cocaine beneath his clothing. He gave these reasons: (1) a strong odor
of cocaine; (2) a bag he felt during the pat-down; and (3) his experience that it was common for
persons transporting narcotics to rent a vehicle so that their personal vehicle could not be seized
if they were discovered. 
      When a “Terry stop” is made, an officer may conduct a search when the facts available would
warrant a person of reasonable caution to believe that such a search is appropriate to protect the
officer or others. Terry v. Ohio, 392 U.S. 1, 28-29, 88 S.Ct. 1868, 1879-81, 20 L.Ed.2d 889
(1968). A “Terry stop” permits a search for weapons that reasonably could harm the officer. 
Davis v. State, 829 S.W.2d 218, 221 (Tex. Crim. App. 1992). Although a pat-down search is not
justified simply because an officer has a mere suspicion that the defendant is armed, we believe the
evidence establishes that the facts surrounding Turner's detention of Hudson warranted his belief
that a pat-down search was necessary. See Miller v. State, 786 S.W.2d 494, 496 (Tex. App.—San
Antonio 1990, no pet.). Once Turner approached Hudson, detected an odor he thought was
cocaine, and felt a bag beneath his clothing, probable cause arose that allowed him to seize the
substance in the bag. Based upon the totality of the circumstances, we do not find that the court
abused its discretion in overruling the motion to suppress the substance seized by Turner. We
overrule point one.
      We should note at this point Hudson's assertion that the testimony of Don Taylor, a DPS
chemist, disproves Turner's testimony about cocaine having an identifiable odor.


 Taylor did not
testify at the hearing on the motion to suppress the evidence, and his testimony can neither support
or undermine the court's ruling on that motion. Hudson urges, however, that the motion to
suppress should have been granted during trial when the chemist disproved Turner's testimony
about detecting an odor upon which he acted. Hudson's remedy at that point was to have the
question submitted to the jury, which could determine the factual dispute and determine for itself
whether the evidence had been illegally seized. See Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon Supp. 1998) (jury may be instructed to disregard evidence it finds was obtained in
violation of article).
EVIDENTIARY POINTS
      Hudson asserts in points two, three, four, and five that the court erred in admitting testimony
about the street value of the cocaine, the exhibit containing the cocaine, and a lab report about it.
street value of the cocaine
      In point two, Hudson asserts that testimony about the street value of the cocaine should not
have been admitted. The State points out that a section of Hudson's brief entitled "Argument and
Authorities under Points of Error Numbers One and Two" does not cite any authority to sustain
the point. We further note that there are no references to the record where the testimony and ruling
complained of may be found. Nothing is presented for our review. Tex. R. App. P. 38.1(h). 
Point two is overruled.
testimony of the chemist about the cocaine and report
      Points three, four, and five attack the admissibility of Exhibit One, the cocaine, Exhibit Two,
a report about the cocaine, and testimony from the chemist about the cocaine. The specific
objections were that a proper predicate for the evidence had not been laid, the chain of custody of
the cocaine from the time of arrest until trial had not been established, and it had been illegally
seized. Having already addressed the third, we turn to the remaining two objections.
      Taylor testified that Exhibit One was marked with "a unique laboratory case number"—L6W-72108. He said that the exhibit also contained his initials, which he pointed out as being "over the
heatseal." Officer Turner had previously identified Exhibit One as being the bag containing white
powder taken from Hudson. He testified that it contained his initials also. He said that he
personally delivered the substance to the DPS laboratory in Waco.
      Rule 901 of the Rules of Criminal Evidence provides that authentication or identification of
items offered into evidence "is satisfied by evidence sufficient to support a finding that the matter
in question is what its proponent claims." Tex. R. Crim. Evid. 901(a). Among the examples
given is testimony of a witness with knowledge who testifies that a matter is what it is claimed to
be. Id. at 901(b)(1); Hall v. State, 829 S.W.2d 407, 409 (Tex. App.—Waco 1992, no pet.).
      Under Rule 901, proof of a chain of custody in some circumstances is necessary to "support
a finding that the matter in question is what its proponent claims." Moore v. State, 821 S.W.2d
429, 431 (Tex. App.—Waco 1991, no pet.) (citing Tex. R. Crim. Evid. 901(a)); see also
Schlueter, Identification of Evidence: That's the Knife, 54 TEX. B. J. 1107 (1991). In those
instances in which proof of a chain of custody is necessary, the state must adduce such proof to
establish that the evidence is what the state says it is—evidence connected to the defendant and to
the offense—evidence having that degree of security and integrity to justify its admission. See
Moore, 821 S.W.2d at 421 (citing Stone v. State, 794 S.W.2d 868, 870 (Tex. App.—El Paso 1990,
no pet.)). "[M]inor theoretical breaches in the chain of custody" will not affect admissibility in
absence of "affirmative evidence of tampering or commingling." Id.
      We cannot say that the court abused its discretion in admitting Exhibit One into evidence in
view of the positive identification of clearly relevant evidence—the bag and its contents—by both
Turner and Taylor. We overrule points three, four, and five.
 INSTRUCTED VERDICT
      Hudson's final points maintain that the court should have instructed a verdict at the close of
the State's case or should have instructed a verdict of "not guilty" after all the evidence had been
adduced.
      At the close of the State's case, Hudson moved for an instructed verdict, which the court
denied. In point six, he re-asserts his contentions that the evidence was illegally obtained and that
a valid chain of custody had not been proven. In point seven he complains of the court's overruling
his objection to the charge based on the grounds that it should have instructed a verdict of not
guilty.
      In support of these points, he again urges the same arguments that we have discussed under
points one, three, four, and five above. For the reasons given, noting that at trial Turner's
testimony was substantially the same as it was at the hearing on the motion to suppress the cocaine
as evidence, we now overrule points six and seven.
CONCLUSION
      Having overruled all of Hudson's points of error, we affirm the judgment.
 
                                                                       BILL VANCE
                                                                       Justice
 
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 25, 1998
Do not publish