**Chester Eugene LANGFORD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–468–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 8, 1982.

Chester Eugene Langford, Jim Skelton, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

Appellant is appealing a conviction for possession of a controlled substance. The punishment was assessed at five (5) years in the Texas Department of Corrections. We affirm.

■ Appellant's sole ground of error concerns the sufficiency of the evidence. He asserts that the State did not prove the necessary elements to establish unlawful possession of a controlled substance. These are: (1) that the accused exercised care, custody, control, or management over the contraband and (2) that the accused knew the matter possessed was contraband. *Dubry v. State*, 582 S.W.2d 841 (Tex.Cr.App.

1979). Because appellant contends that no evidence exists to support the first element, he makes no argument nor does he cite any authority in support of his position with respect to the second element.

█ The record before us consists of the statement of facts of the evidence adduced at the hearing on the State's motion to revoke probation. For this case, the State offered the evidence taken at the revocation proceeding and thereafter rested its case.

Prior to any testimony taken, the State introduced exhibits comprising of two search warrants authorizing the search of appellant's home and his place of business. The business, bearing the name "Chariot Records and Tapes", is a combination record and "head shop" where narcotics paraphernalia is sold. Appellant was present during the search of the business where a small amount of marijuana was recovered. He then accompanied the officers to the address given in the warrant as appellant's residence. There the search revealed several tablets of the controlled substance Lysergic Acid Diethylamide (LSD) which were found inside a shaving cream can with a false bottom. This can was found in or near a medicine cabinet in the bathroom next to the master bedroom.

Appellant first contends that there was no evidence to show that he lived at the residence where the contraband was found. Appellant's contention is without merit. The first officer who testified stated that while he was conducting the search of the house, he saw numerous pieces of mail addressed to appellant at that address. Another officer who participated in the search testified that he knew of his own personal knowledge that appellant lived at that house and that he had seen appellant's car parked there on several different occasions. The State also introduced a copy of a bond made for the case for which appellant received the probationary sentence which reflected the same address in question. This evidence alone would be sufficient to conclude that appellant exercised care, custody, control and management over the place where the contraband was found. However, because there was evidence that appellant did not live there alone but with his wife and two children, additional independent facts and circumstances must be shown to affirmatively link appellant to the narcotics. *Damron v. State*, 570 S.W.2d 933 (Tex.Cr.App.1978); *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1975). This is the basis of appellant's second contention for why the conviction should be reversed.

Appellant cites *Damron, supra*, for a list of factors the court must consider in making the above determination. There the court reversed a conviction for possession of marijuana because the appellant was (1) not at the place searched at the time of the search; (2) there were other persons present at the time of the search and shown to be living there so appellant was not in exclusive possession; (3) the marijuana was found in a closet in a bedroom in the house and there was no showing of appellant's personal belongings in the closet or bedroom or even the observation of any men's clothing; (4) appellant was not found in possession of any contraband at the time of arrest; (5) he was not under the influence of any narcotic and (6) he did not make any incriminating statements at the time of the arrest.

The *Damron* court did not list these as being the only considerations to be made in determining whether there was an affirmative link. The basis of their ruling stems from a rule laid down in *Curtis v. State*, 519 S.W.2d 883 (Tex.Cr.App.1975) and followed consistently by the Court of Criminal Appeals. The court in *Curtis* wrote: "The evidence must affirmatively link the accused to the contraband in such a manner that a reasonable inference arises that the accused knew of its existence and whereabouts." We find that in the instant case, the evidence was sufficient to raise the aforementioned "reasonable inference."

When the officers searched appellant's home, he and no other persons were present. The LSD was found in an area that could be used by both appellant and his family. Other contraband was found at

appellant's place of business over which appellant maintained care, custody and control. There was testimony to the effect that cans with false bottoms such as the one in which the LSD was found are sold in "head shops" like the one owned by appellant. Because the evidence was sufficient to establish that appellant resided at the place where the contraband was found and because exclusive possession over the contraband is not required to support a conviction, see *Damron, supra; Curtis, supra,* and *Collini v. State,* 487 S.W.2d 132 (Tex.Cr. App.1972), we find no merit in appellant's ground of error. Consequently, the conviction is affirmed.