**Sammy Jack HAMILTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–84–115–CR.**

Court of Appeals of Texas,
Texarkana.

Aug. 28, 1985.

Jack L. Paris, Jr., Joe Weis, Greenville, for appellant.

F. Duncan Thomas, Dist. Atty. of Hunt County, Greenville, for appellee.

BLEIL, Justice.

Sammy Hamilton appeals the trial court's denial of a preconviction writ of habeas corpus, claiming that the evidence is legally insufficient to support the jury's verdict and to support a finding that the grand jury used reasonable diligence to ascertain the means by which Hamilton allegedly strangled the victim. We affirm the trial court's judgment.

A grand jury indicted Hamilton for capital murder by strangling the victim by means unknown. The petit jury found Hamilton guilty of murder. The trial court granted Hamilton's motion for new trial on the murder charge based upon a defect in the jury instructions, and the trial court denied Hamilton's motion to set aside the verdict based upon the insufficiency of the evidence. Hamilton filed an application for habeas corpus or bond reduction, alleging that he is illegally confined because the jury convicted him of the lesser included offense of murder upon legally insufficient evidence. The trial court denied an application for habeas corpus but reduced his bail.

Habeas corpus is not a substitute for an appeal, but is an extraordinary remedy. *Ex parte McGowen*, 645 S.W.2d 286 (Tex.Cr.App.1983). However, Hamilton may raise his former jeopardy claim before his retrial by a habeas corpus petition because the fifth amendment right not to be twice placed in jeopardy is reviewable before a second exposure occurs. *Ex parte Robinson*, 641 S.W.2d 552 (Tex.Cr.App. 1982); *Ex parte Loffland*, 670 S.W.2d 390 (Tex.App.-Fort Worth 1984, pet ref'd). *See also, Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).

Our standard for reviewing the sufficiency of the evidence is the same for direct and circumstantial evidence. We review all of the evidence in the light most favorable to the jury verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brandley v. State*, 691 S.W.2d 699 (Tex.Cr.App. 1985); *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983). We apply this standard by determining whether the evidence supports an inference other than the guilt of Hamilton. *Carlsen v. State*, supra. Additionally, in the instant case we disregard the accomplice testimony and determine whether the remaining evidence tends to link or connect the accused with the commission of the offense. *Thompson v. State*, 691 S.W.2d 627 (Tex.Cr.App.1984); *Brown v. State*, 672 S.W.2d 487 (Tex.Cr. App.1984); *Mitchell v. State*, 650 S.W.2d 801 (Tex.Cr.App.1983); Tex.Code Crim. Proc.Ann. art. 38.14 (Vernon 1979). However, the corroborative evidence need not directly link the accused to the crime or be sufficient in itself to establish guilt. *Thompson v. State*, supra; *Mitchell v. State*, supra.

 Hamilton's sister-in-law testified that Hamilton and the accomplice, Tommy Hackworth, conversed about what they could do to the deceased victim in order to take his money by using a rope, indicating binding and choking the victim. Later, during the same day of the night-time commission of the offense, the sister-in-law observed Hamilton and Hackworth driving around the block by the victim's residence. The men returned to where the sister-in-law stayed and asked that she get her father's handgun. They also asked that she take part in the robbery scheme by enticing the victim away from his house by implying the promise of sexual favors. The sister-in-law refused. Later that night at approximately one o'clock a.m., Hamilton's wife waked the sister-in-law and they walked outside looking for the two men. The sister-in-law saw them both coming from the victim's house. She observed Hackworth in Hamilton's presence place some items from the victim's residence in the kitchen trash.

Texas Ranger Don Anderson subsequently interviewed Hackworth and, as a result of Hackworth's oral statements and other investigation, Anderson recovered the blue jean pants apparently worn by Hamilton during the crime and subsequently disposed of by him in the presence of Hackworth. Anderson also discovered a piece of rope taken from a backyard tree swing which the sister-in-law had observed as being missing before the commission of the offense.

Hackworth did not see Hamilton actually kill the victim but testified that he observed Hamilton kneeling over the bound victim for ten to fifteen minutes. After the robbery, both men returned to the residence and Hamilton went into the victim's residence to see if he was alive. The cause of death was manual strangulation, caused by either the use of hands, a forearm, a rope, or a combination of those or similar means. No reasonable hypothesis is presented to suggest that someone other than Hamilton committed the offense. *Brandley v. State*, supra. And, the corroborative evidence, disregarding the testimony of the accomplice witness, sufficiently connects Hamilton with the commission of the crime and makes the veracity of Hackworth's testimony more likely than not. *See Mitchell v. State*, supra; *Graham v. State*, 643 S.W.2d 920 (Tex.Cr.App.1981); *Passmore v. State*, 617 S.W.2d 682 (Tex.Cr. App.1981).

The judgment of the trial court is affirmed and the requested habeas corpus and writ of probation relief is denied.