**Ex parte Joe Morris STOWE.**

**No. 01–86–00990–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 30, 1987.

Rehearing Denied Nov. 5, 1987.

Jim W. James, Bryan, for appellant-relator.

Bill Turner, Brazos County Dist. Atty., Bryan, Laurie A. Hubbell, Brazos County Asst. Dist. Atty., Bryan, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

LEVY, Justice.

A jury found appellant, Joe Morris Stowe, guilty of possessing over 28 grams of methamphetamine. The trial court granted appellant's motion for a new trial based upon improper prosecutorial argument about the defendant's failure to testify. Before retrial, appellant filed a petition for the writ of habeas corpus, claiming that a retrial would violate his right against double jeopardy under the Fifth and Fourteenth Amendments to the U.S. Constitution, and Article I, sec. 14 of the Texas Constitution. Relief was denied, and appellant appeals that ruling.

In his sole point of error, appellant claims that the trial court erred in not prohibiting a retrial because the evidence at the initial trial was insufficient to sustain a conviction. It is firmly established that if the evidence is ruled insufficient on appeal to support appellant's conviction, appellant is acquitted and may not thereafter be retried for committing the same offense for which he had been convicted in the first instance. A verdict of acquittal is, of course, a bar to retrial for the acquitted offense. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); *Foster v. State*, 635 S.W.2d 710 (Tex.Crim.App.1982).

The record reflects that appellant, his wife, Carol May Stowe, and Kenneth Neal were arrested for aggravated possession of methamphetamine when the police searched the mobile home in which the Stowes permanently resided, and in which Neal temporarily resided. During the police search of their trailer, the Stowes were sitting on the sofa in the living room. While the police were searching the master bedroom, they discovered methamphetamine and other drug paraphernalia. At this time, appellant allegedly said to his wife in a voice loud enough to be overheard

that the drugs had been planted, and that he had been framed.

The police discovered 107.64 grams of 60 percent pure, fresh methamphetamine that was concealed in a jar inside a bank bag on the floor at the left side of a closet, in the master bedroom. In the closet, the police also found baggies, a brown leather jacket that contained $1,200, and a triple-beam scale, which was located on the shelf above the methamphetamine. The closet also contained male clothing on its left side and female clothing on its right side. In a chest of drawers, also located in the master bedroom, the police discovered an empty jar that had a "methamphetamine" odor, additional baggies, and a vial containing .04 grams of methamphetamine. On the floor of the bedroom, the police found a pair of pants with a laundry mark reading "Stowe," in the pocket of which was $440. The police also detected a chemical odor in the area near the trailer.

The officer in charge of the search, James Cooke, testified that the police never conducted a fingerprint analysis of the items seized, nor did the police check appellant for needle marks or conduct a urinalysis.

Habeas corpus is an extraordinary remedy, *Hamilton v. State*, 699 S.W. 2d 576, 577 (Tex.App.—Texarkana 1985, pet. ref'd), but it is not a substitute for an appeal. However, Stowe is entitled to raise his former jeopardy claim by a habeas corpus petition before his retrial because the protection of the Fifth Amendment is meaningful only where the constitutional right, not to be twice placed in jeopardy, is reviewable and vindicated before a second exposure occurs. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982); *Hamilton v. State*, 699 S.W.2d at 577.

To prove that an accused possessed dangerous drugs or narcotics, the State must show: (a) that the accused exercised, either singularly or jointly, care, custody, control, and management over the contraband; and (b) that he knew the object he possessed was contraband. *Curtis v. State*, 519 S.W.2d 883, 885 (Tex.Crim.App.

1975); *Meyers v. State,* 665 S.W.2d 590, 592 (Tex.App.—Corpus Christi 1984, pet. ref'd); *Payne v. State,* 659 S.W.2d 66, 67 (Tex. App.—Houston [14th Dist.] 1983, no pet.); *Langford v. State,* 632 S.W.2d 650 (Tex. App.—Houston [14th Dist.] 1982, no pet.). It is not necessary to prove that the accused had exclusive possession of the narcotics in question; evidence showing that the accused possessed it jointly with others is sufficient. *McCreight v. State,* 720 S.W. 2d 582, 585 (Tex.App.—San Antonio 1986, no pet.); *Joshua v. State,* 696 S.W.2d 451, 454 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd); *Siroky v. State,* 653 S.W.2d 476, 479 (Tex.App.—Tyler 1983, pet. ref'd); *Earvin v. State,* 632 S.W.2d 920, 923–924 (Tex.App.—Dallas 1982, pet. ref'd).

The State cannot prove that an accused exercised care, custody, control, and management over the contraband with the requisite knowledge merely by showing the presence of the accused at the premises where the contraband was used and possessed. *Curtis v. State,* 519 S.W.2d at 885; *Joshua v. State,* 696 S.W.2d at 454; *Meyers v. State,* 665 S.W.2d at 592; *Earvin v. State,* 632 S.W.2d at 923. Additionally, the evidence must affirmatively link the accused to the contraband in such a manner that a reasonable inference arises that the accused knew of its existence and whereabouts. *Curtis,* 519 S.W.2d at 885; *Williams v. State,* 498 S.W.2d 340, 341 (Tex.Crim.App.1973); *McCreight,* 720 S.W. 2d at 585; *Hamilton,* 699 S.W.2d at 577; *Joshua,* 696 S.W.2d at 454; *Meyers,* 665 S.W.2d at 592; *Payne,* 659 S.W.2d at 67; *Siroky,* 653 S.W.2d at 479; *Earvin,* 632 S.W.2d at 924; *Langford,* 632 S.W.2d at 651.

The Court of Criminal Appeals has examined the following factors to determine if a sufficient link exists between the accused and the contraband:

1) whether appellant was at the place searched at the time of the search. *Damron v. State,* 570 S.W.2d 933, 936 (Tex. Crim.App.1978); *Langford,* 632 S.W.2d at 651;

2) whether there were other persons present at the time of the search and whether they were shown to be living on the premises so that appellant was not actually in exclusive possession, *Damron,* 570 S.W.2d at 936; *Langford,* 632 S.W.2d at 651;

3) whether the contraband, if found in a bedroom closet, was in a closet that contained appellant's personal belongings or men's clothing if the appellant is male, *Damron,* 570 S.W.2d at 936; *Langford,* 632 S.W.2d at 651;

4) whether appellant had contraband on him at the time of his arrest, *Damron,* 570 S.W.2d at 936; *Langford,* 632 S.W. 2d at 651;

5) whether appellant was then under the influence of any narcotic, *Damron,* 570 S.W.2d at 936; *Langford,* 632 S.W.2d at 651;

6) whether appellant made any incriminating statement, *Damron,* 570 S.W.2d at 936; *Langford,* 632 S.W.2d at 651;

7) whether appellant was in close proximity to the drugs when they were found, *Williams v. State,* 498 S.W.2d at 341;

8) whether there is any other evidence establishing appellant's occupancy of the premises, *Williams,* 498 S.W.2d at 341;

9) whether the contraband was in plain view of the accused, *Hughes v. State,* 612 S.W.2d 581, 582 (Tex.Crim.App.1981);

10) whether the amount of contraband found was large enough to indicate that appellant knew of its presence, *Pollan v. State,* 612 S.W.2d 594, 596 (Tex.Crim. App.1981);

11) whether appellant was closely related to other persons in joint possession of the contraband or to other persons who owned the premises, *see Williams v. State,* 524 S.W.2d 705, 707 (Tex.Crim. App.1975); *Earvin,* 632 S.W.2d at 924; and

12) whether the conduct of appellant with respect to the contraband was such as to indicate his knowledge or control. *Pollan v. State,* 612 S.W.2d at 596.

In evaluating the evidence in this case, we must review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt. *Brandley v. State,* 691 S.W.2d 699, 703 (Tex.Crim.App.1985); *Hamilton,* 699 S.W. 2d at 577. The evidence against appellant includes a large quantity of methamphetamine found on the premises where appellant permanently resided. All of the items seized, including the methamphetamine, were discovered in the master bedroom, which contained articles of clothing marked "Stowe." Methamphetamine, scales, and baggies were found in a closet that contained male clothing. Police discovered $440 in the pocket of the pants marked "Stowe." Appellant was present at the time the search was executed, and while sitting on a couch in the living room during the search, made statements loud enough to be heard in the master bedroom, claiming that anything incriminating that was found had been planted or that he was framed, but he offered no further explanation. The methamphetamine recovered was a large quantity, fresh and 60 percent pure. Officers detected a methamphetamine odor both outside the trailer and inside a jar contained in a dresser in the above-mentioned bedroom. $1,200 was found in a brown leather jacket hanging on the left side of the closet, where the officers discovered the contraband mentioned above.

Viewing all the evidence in the light most favorable to the verdict, we find that there is sufficient evidence to link appellant to the contraband. The facts in this case demonstrate that a large amount of contraband was found in his bedroom and in a closet to which appellant presumably had exclusive access, excepting only his wife. Large amounts of cash were discovered in various items of his clothing. Finally, his close relationship with other persons who are linked with the contraband also tends to link him to the contraband. We conclude that the evidence at the initial trial was sufficient to sustain the conviction, and consequently that a retrial would not violate his right to be immune from a second jeopardy.

Appellant's sole point of error is overruled.

The order of the trial court denying appellant's application for the writ of habeas corpus is affirmed, and this cause is remanded for trial.