Opinion issued March 13, 2003






 












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00312-CR
____________
 
LUIS HERNANDEZ ROBLES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 875,199
 

 
 
O P I N I O N
          A jury found appellant, Luis Hernandez Robles, guilty of possession with
intent to deliver between four and 200 grams of cocaine, and assessed punishment at
confinement for 12 years. In two points of error, appellant contends that the evidence
was legally and factually insufficient to support his conviction and that he was denied
the opportunity to make an opening statement. We affirm.
Facts
          Houston Police Officer Michael Burdick testified that on April 20, 2001, he
and other police officers executed a search warrant for narcotics at an apartment.
Officer Burdick was looking for appellant, a Hispanic male of “medium complexion
with short and blondish color hair,” who was listed in the search warrant and who
Burdick knew went by the nickname “Juero.”


 When the officers arrived at the
apartment, Burdick noticed the apartment door was open. The officers then
announced their presence in English and Spanish, and Burdick was the first officer
to enter the apartment. Burdick saw appellant asleep and lying on a couch holding
a baseball cap in his lap. When appellant awoke and saw the officers, Burdick saw
appellant throw the baseball cap to the floor. 
          After the officers secured the apartment, Burdick searched the baseball cap and
found several small, plastic bags hidden inside the hatband. It was later determined
that these plastic bags contained 2.2 grams of powder cocaine. 
          Officer Carl Smith testified that he searched the bathroom ceiling, where he
found a bottle, covered in duct tape, hidden above one of the bathroom ceiling tiles. 
Smith noted that the area above the ceiling tiles contained dust and cobwebs, but the
exterior of the bottle was “clean” and “did not have any dust on it.” 
          Burdick testified that officers, when executing a search warrant for narcotics,
will attempt to search a ceiling if it is accessible, and that the bathroom was the only
room in the apartment with removable ceiling tiles. Burdick further testified that the
bottle, found by officer Smith, contained 51 small, plastic bags, similar to the bags
found inside the hatband. It was later determined that these plastic bags contained
20.4 grams of powder cocaine. Burdick testified that he did not fingerprint the bottle
because he “did not believe that prints would come up very good” from duct tape.
          Burdick also testified that he found a lease for the apartment with a female
named as the lessee. However, officers Burdick and Smith testified that the one-bedroom apartment was sparsely furnished, and that no women’s clothing was found
anywhere inside the apartment. Burdick further testified that the officers found, in
the bedroom, a suitcase and “exclusively only men’s clothing” packed inside several
garbage bags. The officers also found a federal W-2 tax form with appellant’s name
and a prior address typed on it. 
          A Houston Police Department Crime Lab chemist testified that the total weight
of the seized cocaine was 22.3 grams.
Sufficiency of the Evidence
          In his first point of error, appellant contends that the evidence is legally and
factually insufficient to sustain his conviction.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the crime beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. Id.
          The factual sufficiency of the evidence is reviewed by examining all of the
evidence neutrally and asking whether the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).
          To establish the unlawful possession of a controlled substance, the State must
show that (1) a defendant exercised care, custody, control, or management over the
controlled substance, and (2) that he knew he possessed a controlled substance. Tex.
Health & Safety Code §§ 481.002(38), 481.115 (Vernon Supp. 2003); Brown v.
State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The State need not show that
a defendant exercised exclusive control over the controlled substance, but when a
defendant does not have exclusive control, the State must show additional affirmative
links between the defendant and the contraband. Cedano v. State, 24 S.W.3d 406,
411 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The affirmative links must raise
a reasonable inference that the accused knew of and controlled the contraband. 
Dickerson v. State, 866 S.W.2d 696, 700 (Tex. App.—Houston [1st Dist.] 1993, pet.
ref’d). Mere presence is insufficient to show that a person possessed contraband. 
Cedano, 24 S.W.3d at 411.
          Factors which have been considered as establishing affirmative links with
contraband include: (1) presence when the search was executed; (2) contraband in
plain view; (3) proximity to and accessibility of the contraband; (4) accused under
the influence of contraband when arrested; (5) accused’s possession of other
contraband when arrested; (6) accused’s incriminating statements when arrested; (7)
attempted flight; (8) furtive gestures; (9) odor of the contraband; (10) presence of
other contraband; (11) accused’s right to possession of the place where contraband
was found; and (12) narcotics found in an enclosed place. State v. Derrow, 981
S.W.2d 776, 779 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). Other factors we
have considered include: (1) whether there were other persons present at the time of
the search, (2) whether the contraband was found in a closet that contained men’s
clothing if the defendant was male, and (3) whether the amount of contraband was
large enough to indicate the defendant knew of its existence. Classe v. State, 840
S.W.2d 10, 12 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d); Ex parte Stowe, 744
S.W.2d 615, 617 (Tex. App.—Houston [1st Dist.] 1987, no pet.). Despite this list of
factors, there is no set formula necessitating a finding of an affirmative link, but
rather, affirmative links are established by the totality of the circumstances. Sosa v.
State, 845 S.W.2d 479, 483 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). 
          Appellant argues that there were insufficient affirmative links to connect him
to the cocaine found inside the apartment. We disagree. Appellant matched the
physical description of the person described in the search warrant, and he was the
only person inside the apartment when the officers executed the search warrant. 
Appellant was holding in his hands a baseball cap, which contained cocaine, packed
in several small plastic bags similar to the bags inside the bottle found in the
bathroom ceiling. When officer Burdick walked into the apartment, appellant threw
the baseball cap on the floor after he saw the officers. Even though a female’s name
was on the lease, the officers found only men’s clothing inside the apartment. The
officers also found a W-2 federal tax form that was issued to appellant with
appellant’s prior address typed on it. Based on the evidence in the record, a rational
fact finder could have found sufficient affirmative links establishing a connection
between appellant and the cocaine found inside the apartment. Thus, we hold that,
under the totality of the circumstances, the evidence was legally sufficient to support
appellant’s conviction.
          In regard to factual sufficiency, appellant argues that the State did not
demonstrate affirmative links connecting appellant to the cocaine found in the
bathroom ceiling because: (1) appellant’s name was not on the lease, (2) no drug
paraphernalia was present inside the apartment, (3) no money was recovered from the
apartment or from appellant, (4) no weapons were recovered, and (5) no fingerprint
examination was performed on the bottle discovered above the ceiling tiles. 
Appellant testified that he was living in a hotel, that he was only visiting a friend at
the apartment, and his friend looked like him except that his friend had curly hair. 
Appellant further testified that he had brought a change of clothes over to his friend’s
apartment, and he had given his tax documents to his friend for safekeeping. 
Appellant also points to testimony of the Houston Police Department chemist who
testified that it was “possible” that the cocaine seized from the cap and the bottle
came from two different sources.
          However, this evidence does not demonstrate that appellant did not exercise
care, custody, control, or management over the cocaine seized within the apartment. 
To the extent that there was any contradictory evidence, we note that the jury, as the
trier of fact, is the sole judge of the credibility of witnesses and the weight to be given
to testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The
evidence cited by appellant does not demonstrate that the proof of guilt was so weak
as to undermine confidence in the jury’s determinations or was greatly outweighed
by contrary proof. Thus, we hold that the evidence was factually sufficient to support
appellant’s conviction.
          We overrule appellant’s first point of error.
Opening Statement
          In his second point of error, appellant contends that the trial court erred in
denying him his right to make an opening statement following the State’s opening
statement.
          A defendant may make an opening statement either after the State’s opening
statement, or after the State has rested and before the defense’s case-in-chief. Tex.
Code Crim. P. Ann. art. 36.01(Vernon Supp. 2003). The proper purpose of the
opening statement for the defendant is to inform the court and the jury what he
expects to prove. Abney v. State, 1 S.W.3d 271, 274 (Tex. App.—Houston [14th
Dist.] 1999, pet. ref’d). The right to make an opening statement is a statutory right
and not a constitutional imperative or mandate. Dunn v. State, 819 S.W.2d 510, 524
(Tex. Crim. App. 1991). The legislature has provided defendants with the option or
ability to make a tactical decision to determine when to make an opening statement. 
Moore v. State, 868 S.W.2d 787, 788 (Tex Crim. App. 1993). Denial of a timely
request to present an opening statement is a denial of a valuable right and may
constitute error. Id. at 789. However, this right may be waived for failure to make
a timely request to present an opening statement. Id. (citing Dunn, 819 S.W.2d at
524-25).


 In order to preserve a complaint for appellate review, a party must have
presented to the trial court a timely request, objection or motion, stating the specific
grounds for the ruling he desired the court to make. Tex. R. App. P. 33.1. 
          Here, the State made an opening statement to the jury, and the trial court
instructed the State to call its first witness. Appellant did not object and did not
request an opportunity to make an opening statement following the State’s opening
statement. Moreover, after the State rested, the trial court asked appellant if he
wanted to make an opening statement, and appellant’s counsel answered, “No Judge. 
I think I’ll pass on the opening statement at this point, Judge.” Thereafter, appellant
called his first witness in his defense. 
           Here, the record demonstrates that appellant did not request to make an
opening statement after the State’s opening statement. Moreover, appellant expressly
waived his right to make an opening statement before presenting his defense. Thus,
any possible error on appeal was waived. See Moore, 819 S.W.2d at 789.
          We overrule appellant’s second point of error. 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Publish. Tex. R. App. P. 47.2(b).