Affirmed and Memorandum Opinion filed October 23, 2007








Affirmed and Memorandum Opinion filed October 23, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00766-CR

____________

 

ALICE YOLANDA DAVIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 1051152

 



 

 M E M O R A N D U M   O P I N I O N

Appellant, Alice Yolanda Davis, appeals her conviction for
possession with intent to deliver a controlled substance, namely cocaine
weighing more than four grams but less than 200 grams, for which she was
sentenced to 25 years in prison. In her sole point of error, appellant
challenges the factual sufficiency of the evidence.  We affirm.

I.  BACKGROUND








On December 20, 2005, Houston Police Officer Chris Massey,
in his duties as an undercover narcotics officer, met with an unidentified male
in the Montrose area of Houston. Officer Massey asked the man if he knew where
he could purchase $40.00 worth of crack cocaine, and the man directed him to
appellant=s home. Officer Massey gave the man $40.00, and the
man went into appellant=s residence.  The man returned soon after
with the requested narcotics.  Officer Massey then obtained a search warrant
for appellant=s home. 

On December 21, 2005, Officer Massey and a team of officers
executed the warrant.  Officer Massey testified that appellant and her brother
tried to close the door on the officers to prevent them from entering the
residence. Appellant claimed that the door was open when the officers arrived.
The officers located 56.7 grams of cocaine, along with Xanax pills and liquid
codeine in a dresser drawer and night stand in appellant=s bedroom. Officer
Massey also located more than $3,400 in cash in appellant=s closet, half in
an unmarked box and half in the pocket of appellant=s leather jacket.
A dog trained in detecting narcotics gave a positive alert for cocaine on the
money.  There were seven other people present in appellant=s residence at the
time the warrant was executed.  At some point during the search, appellant
stated to police, Ait=s my apartment, I=ll take charge of
everything inside. Everything inside is mine.@[1] 








At trial, appellant claimed that three of the men present
during the search resided in the apartment with her.  Appellant testified that
she shared her bedroom with her boyfriend, Namen Washington, who was not at the
apartment on the day of the search.  According to appellant, Washington used
one of the dressers and one of the night stands in the bedroom wherein he kept
many of his personal belongings. Appellant=s brother also
testified that Washington shared appellant=s bedroom with her
and had some belongings in that bedroom.  However, Appellant=s sixteen year old
son, who also resided in appellant=s apartment,
testified that Washington did not live in appellant=s apartment, but
only slept over on occasion.  Officer Massey testified that he believed the
room to be solely appellant=s after observing various pictures of
appellant and her family, women=s clothing, appellant=s identification,
and other documents bearing her name.          

The jury found appellant guilty of possession with intent
to deliver a controlled substance.  Appellant was on parole for a previous
possession of cocaine conviction at the time of her arrest and conviction in
this case.  Appellant pled true to two enhancement paragraphs for three
previous possession convictions, and the court assessed punishment at 25 years
confinement.

II.  ANALYSIS

In her sole point of error, appellant challenges the
factual sufficiency of the evidence supporting her conviction.  When reviewing
the factual sufficiency of the evidence, we review all the evidence in a
neutral light, favoring neither party.  Watson v. State, 204 S.W.3d 404,
414 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005).  We then ask (1) whether the evidence supporting the
conviction, although legally sufficient, is nevertheless so weak that the jury=s verdict seems
clearly wrong and manifestly unjust or (2) whether, considering conflicting
evidence, the jury=s verdict is against the great weight and
preponderance of the evidence.  Watson, 204 S.W.3d at 414‑15, 417;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).   An appellate
court judge cannot conclude that a conviction is Aclearly wrong@ or Amanifestly unjust@ simply because,
on the quantum of evidence admitted, he would have voted to acquit had he been
on the jury.  Watson, 204 S.W.3d at 417.  Nor can an appellate court declare
that a conflict in the evidence justifies a new trial simply because it
disagrees with the jury=s resolution of that conflict.  Id. 
An appellate court must first be able to say, with some objective basis in the
record, that the great weight and preponderance of the (albeit legally
sufficient) evidence contradicts the jury=s verdict before
it is justified in ordering a new trial.  Id.  In examining a factual
sufficiency challenge, we defer to the fact-finder=s determination of
the credibility of the evidence.  Swearingen v. State, 101 S.W.3d 89, 97
(Tex. Crim. App. 2003).








In contrast to the State=s theory of the
case, appellant attempts to show that she did not possess the drugs and did not
know that the drugs where in her apartment.  As support for this contention,
appellant relies on the testimony of Wilbur Parker (her brother), Melvin
Pruitt, and Nathaniel Hamilton (her minor son), all of whom testified that
appellant did not possess or sell cocaine from her apartment.  Appellant also
relies on her own testimony that she did not possess the drugs and did not have
knowledge that drugs were in her apartment.  Appellant further testified that
she did not have exclusive possession of her bedroom: her boyfriend, Namen
Washington shared the bedroom and used one of the night stands and dresser
drawers where the drugs were located.  Appellant contended that the drugs and
money probably belonged to her boyfriend or another resident of the apartment. 


In this case, the State is required to show that appellant
(1) knowingly or intentionally (2) possessed (3) cocaine, an illegal substance,
(4) in the amount of more than four grams but less than two hundred (5) with
the intent to deliver.  Tex. Health
& Safety Code Ann. ' 481.112 (a), (d) (Vernon 2001).  In order
to prove the possession element of this offense, the State is required to
present evidence that appellant exercised care, control, or management over the
contraband and that she knew it was contraband.  See Deshong v. State,
625 S.W.2d 327, 329 (Tex. Crim. App. 1981); Olivarez v. State, 171
S.W.3d 283, 291 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
According to appellant, the evidence produced by the State is insufficient to
prove beyond a reasonable doubt that she possessed the cocaine because the
State failed to affirmatively link the cocaine found in appellant=s bedroom to her. 








When the accused is not in exclusive possession of the
place where the contraband is found, as alleged by appellant in this case, the
State must affirmatively link appellant to the contraband.  Olivarez,
171 S.W.3d at 291; Cedano v. State, 245 S.W.3d 406, 411 (Tex. App.CHouston [1st
Dist.] 2000, no pet.).  The affirmative link may be shown through direct or
circumstantial evidence, including the amount of contraband found, its location
in relationship to the defendant=s personal
belongings, the defendant=s relationship to other persons with
access to the premises, incriminating statements, and proximity of the
defendant to the contraband.  See Olivarez, 171 S.W.3d at 291;  Ex
parte Stowe, 744 S.W.2d 615, 617-18 (Tex. App.CHouston [1st
Dist.] 1987, no pet.)  It is not the number of links that is dispositive;
rather, it is the logical force of all of the evidence, direct and
circumstantial.  Olivarez, 171 S.W.3d at 291.

At trial, the State presented evidence tending to link
appellant to the contraband.  First, appellant claimed ownership of the
apartment to the officers at the time of the search and admitted to residing in
the bedroom where the drugs were found. Id. (defendant=s ownership of
place where contraband found affirmatively links defendant to contraband).  
Although appellant testified that Washington also lived in that bedroom (a fact
clearly tending to assist her defense), appellant=s son testified
that Washington did not permanently reside at appellant=s apartment, but
rather occasionally stayed overnight.           Second, the officers found
appellant=s photographs, identification, and papers bearing her
name in her bedroom during the search. No similar evidence was found by the
officers showing that Washington lived in the bedroom. Officer Massey also
testified that a Acookie@ of crack cocaine
was found in an enclosed drawer filled with female clothing. See Stowe,
744 S.W.2d at 617 (affirmative link established where contraband found in male
defendant=s closet containing men=s clothing).  It
is undisputed that appellant was the only female residing in the apartment. 

Third, a large amount of cocaine, 56.7 grams, was located
in appellant=s bedroom.  Id. at 617-18 (finding that a large
amount of drugs discovered in defendant=s house was an
affirmative link between defendant and the contraband).








Fourth, a large amount of cash, over $3,400, was found in
appellant=s jacket and in an unmarked box in appellant=s closet.  Id.  (finding
that a large amount of cash discovered in the pocket of defendant=s clothing in
closet where contraband was hidden was an affirmative link between defendant
and contraband).  Moreover, a trained narcotics canine detected the presence of
cocaine on the money found in these two locations. Fifth, the officers located
Xanax pills and liquid codeine in the dresser drawer where the cocaine was
found.  See Olivarez, 171 S.W.3d at 291 (other drugs found with
contraband affirmatively links defendant to contraband). 

Sixth, Officer Massey testified that appellant and her
brother attempted to close the door on the search team to prevent them from
entering the house.  Id.  (finding an affirmative link where appellant
exercised control over the house by claiming he rented it and by excluding
officers when they asked for consent to search). 

Lastly, Officer Massey testified that during the search
appellant stated Ait=s my apartment, I=ll take charge of
everything inside. Everything inside is mine.@  Olivarez,
171 S.W.3d at 291. (defendant=s incriminating statements made at the
time of the arrest, ownership of place where contraband found and claiming he
exercised control over the apartment because he rented the home affirmatively
links defendant to contraband).  We find that this evidence was not so weak as
to render the verdict clearly wrong and manifestly unjust. 








As detailed above, appellant offered many plausible
inferences from the testimony in opposition of the State=s evidence, all
leading to the suggestion that she did not knowingly possess the drugs and that
her boyfriend or another resident of the apartment owned the drugs.   She also
presented witnesses who refuted the criminal allegations and testified
herself.  The jury was free to disbelieve all or part of any testimony in
support of appellant=s defense, and a jury decision is not
manifestly unjust merely because it resolved conflicting testimony in favor of
the State.  Our role is not to substitute our judgment for the fact-finder and
determine which inference is more plausible.  King v. State, 29 S.W.3d
556, 563 (Tex. Crim. App. 2000) (AAlthough our
analysis considers all evidence presented at trial we may not re-weigh the
evidence and substitute our judgment for that of the jury.@).  Instead, our
duty is to determine whether the evidence supporting the conviction (and
inferences therefrom) is so weak that the fact-finder=s determination is
clearly wrong and manifestly unjust or whether the evidence supporting the jury=s determination
(and inferences therefrom) is against the great weight and preponderance of the
evidence.  Watson, 204 S.W.3d at 414-15, 417; Johnson v. State,
23 S.W.3d at 11.  We find that the evidence supporting appellant=s conviction is
not so weak that the jury=s determination was clearly wrong or
manifestly unjust.   Furthermore, after reviewing all the evidence presented
and considering all inferences flowing from that evidence, we find that the
evidence supporting the conviction is not against the great weight and
preponderance of the evidence.  We therefore find the evidence to be factually
sufficient to support appellant=s conviction for possession of controlled
substances and overrule appellant=s sole point of
error.  

We affirm the  trial court=s judgment.   

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Opinion filed October 23, 2007.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  There is some dispute as to whether this statement
was made before or after the officers discovered the cocaine.