PD-0156-15

PD-0156-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/19/2015 3:55:01 PM
Accepted 2/19/2015 4:04:53 PM
ABEL ACOSTA
CLERK

NO.

IN THE COURT OF CRIMINAL APPEALS OF

OF THE STATE OF TEXAS

AT AUSTIN, TEXAS

_____

No. 01-14-00003-CR
IN THE COURT OF APPEALS
FOR THE
FIRST SUPREME JUDICIAL DISTRICT
AT HOUSTON

_____

| | | |
|---|---|---|
| LUIS FELIPE SILVA-AGUILAR | § | APPELLANT |
| V. | § | |
| STATE OF TEXAS | § | APPELLEE |

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

J. SIDNEY CROWLEY
214 Morton St.
Richmond. Tx. 77469
TBC No. 05170200
Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

February 19, 2015

ABEL ACOSTA, CLERK

## INTERESTED PARTIES

<u>APPELLANT</u>
Luis Felipe Silva-Aguilar
Texas Department of Criminal Justice
 Correctional Division

<u>TRIAL JUDGE</u>
Honorable Denise Bradley
262nd District Court

<u>TRIAL COUNSEL</u>
Richard Detoto
300 Main St., Suite 200
Houston, Texas 77002

<u>APPELLATE COUNSEL</u>
J. Sidney Crowley
214 Morton St.
Richmond, Texas, 77469

<u>STATE OF TEXAS</u>
Devon Anderson
District Attorney, Harris County
1201 Franklin St.
Houston, Texas 77002

Joseph Allard
James O'Donnell
Assistant District Attorneys
Harris County, Texas

# TABLE OF CONTENTS

INTERESTED PARTIES..........................................................................................2

LIST OF AUTHORITIES.......................................................................................4

STATEMENT REGARDING ORAL ARGUMENT.................................................5

STATEMENT OF THE CASE..............................................................................6

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE....................7

GROUNDS FOR REVIEW..................................................................................8

GROUND FOR REVIEW NUMBER ONE

    The Court of Appeals erred when that the evidence was legally sufficient

    to support the verdict of the jury...................................................................9

PRAYER FOR RELIEF......................................................................................13

CERTIFICATE OF COMPLIANCE....................................................................14

CERTIFICATE OF SERVICE............................................................................14

APPENDIX A. (OPINION BELOW)....................................................................15

## LIST OF AUTHORITIES

Cases

Cedano v. State, 24 S.W.3d 406 (Tex.App.-Houston [1st Dist.] 2000).....................9

Gilbert v. State, 874 S.W.2d 290, 298 (Tex.App.-Houston [1st. Dist.] 1994, ref'd)............................. .................................................................................10

Johnson v. State, 658 S.W.2d 623 (Tex.Crim.App. 1983)......................................9

Olivarez v. State, 171 S.W.3d 283, 291 (Tex.App.-Houston [14th Dist.] 2005).....10

Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005)...........................9

Washington v. State, 902 S.W.2d 649, 652 (Tex.App.-Houston [14th Dist.] 1995)......................................................................................................................10

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that oral argument is not necessary in this case.

## STATEMENT OF THE CASE

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Appellant was convicted by a jury of the felony offense of possession of a controlled substance with intent to deliver, namely heroin weighing more than 400 grams. The court assessed his punishment at confinement in the Texas Department of Criminal Justice, Correctional Division, for a period of twenty three years and a fine of $1000.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant's appeal was affirmed in an unpublished opinion of the First Court of Appeals rendered December 30, 2014. No motion for rehearing was filed.

## GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE:

The Court of Appeals erred when it held that the evidence was legally sufficient to support the verdict of the jury.

## GROUND FOR REVIEW NUMBER ONE

The Court of Appeals erred when it held that the evidence was legally sufficient to support the verdict of the jury.

### Argument and Authorities

The Court of Appeals held that the affirmative links were sufficient to allow a rational jury to find beyond a reasonable doubt that Appellant possessed the controlled substance in question. The court of appeal's holding is simply not justified by the record.   To prove the unlawful possession of a controlled substance the state must prove that  (1) the accused exercised control, management or care over the substance and (2) the accused knew the matter possessed was contraband. Whether this evidence is direct or circumstantial, it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). When the accused is not in exclusive possession of the place where the contraband is found, the state must show additional affirmative links between the accused and the contraband. Cedano v. State, 24 S.W.3d 406, 411 (Tex.App.-Houston [1st Dist.] 2000). The affirmative link generates a reasonable inference that the accused knew of the contraband and exercised control over it. Johnson v. State, 658 S.W.2d 623 (Tex.Crim.App. 1983). Some relevant factors that may affirmatively link an accused

9

to contraband include: 1) the defendant's presence when the search was conducted; 2) whether the contraband was in plain view; 3) the defendant's proximity to and the accessibility of the narcotic; 4) whether the defendant was under the influence of narcotics when arrested; 5) whether the defendant possessed other contraband when arrested; 6) whether the defendant made incriminating statements when arrested; 7) whether the defendant attempted to flee; 8) whether there was an odor of contraband; 9) whether other contraband or drug paraphernalia were present; 10) whether the defendant owned or had the right to possess the place where the drugs were found; 11) whether the place where the drugs were found was enclosed; 12) whether the defendant was found with a large amount of cash and 13) whether the conduct of the defendant indicated a consciousness of guilt. Washington v. State, 902 S.W.2d 649, 652 (Tex.App.-Houston [14th Dist.] 1995, ref'd); Olivarez v. State, 171 S.W.3d 283, 291 (Tex.App.-Houston [14th Dist.] 2005). The number of linking factors present is not as important as the "logical force" they create to prove the crime was committed. Gilbert v. State, 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, ref'd).

The affirmative links required to link Appellant to the contraband are almost nonexistent. Appellant was not present in the house when the search was conducted. The contraband was not in plain view but was in an enclosed bag in a bedroom closet and in the attic of an attached garage. Appellant was not in proximity to the

10

contraband, but was in a patrol car outside of the residence when the search was conducted. Appellant was not in possession of any other contraband when arrested. It is true that methamphetamine was also found in the house but Appellant was nowhere near it when it was discovered. There was no evidence that Appellant owned or had the right to possess the premises where the drugs were found. The state never introduced any lease agreement, bills addressed to Appellant at that address or any testimony that Appellant in fact lived at that location. The only evidence is Dunn's testimony that he had seen Appellant near the house and had observed him leave it in a white Ford vehicle. No fingerprints of Appellant were found in the house or on the contraband items. At most it was shown that Appellant may have visited the house. There no evidence that Appellant attempted to flee. A large amount of cash was found in the pocket of a jacket in the house but not on Appellant. In fact, the jacket was never in any way connected to Appellant. Finally, there is no evidence of any conduct on the part of Appellant that indicated a consciousness of guilt. Although the chemist testified that MSM, which was in a pail in Appellant's car was a common cutting agent for methamphetamine. The fact that it could be legally purchased at a feed store indicates that there are alternative legitimate uses of the product.

The court also instructed the jury on liability as a party. Again, there is no evidence to support a guilty verdict on the basis of party liability. The only person

11

whom Appellant could have possibly aided to possess the drugs was the unknown woman who supposedly came to the house. There is not a shred of evidence of any connection between Appellant and this unknown person. In summary, those affirmative links to the contraband that could prove Appellant's knowing possession are all but invisible and completely lacking. Point of Error One should be sustained. The Court of Appeals conclusion that there were sufficient links to prove that Appellant possessed the contraband was contrary to well settled law.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court grant this Petition for Discretionary Review, that the case be set for submission; that after submission this Court reverse the judgement of the Court of Appeals and order an ACQUITTAL.

Respectfully submitted,

/s/ J. Sidney Crowley

J. Sidney Crowley
214 Morton St.
Richmond, Tx. 77469
(281)232-8332
TBC No. 05170200

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 1375 words, generated by computer.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been e-served to the Harris County District Attorney's Office, and to Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, this the 18th   day of February, 2015.

/s/ J. Sidney Crowley



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-00003-CR**

———————————

**LUIS FELIPE SILVA-AGUILAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1374877**

---

## MEMORANDUM OPINION

Luis Felipe Silva-Aguilar was charged by indictment with the first-degree

felony offense of possession with intent to deliver a controlled substance, namely,

heroin, weighing at least 400 grams.[1]  The jury found appellant guilty and the trial

court assessed punishment at twenty-three years' confinement and a $1,000 fine. In

his sole point of error, appellant contends that the evidence is legally insufficient to

support the jury's finding that he exercised care, control, or management of the

premises where the controlled substance was discovered. We affirm.

## Background

On December 18, 2012, in the course of a narcotics investigation, Houston

Police Department Officer Jason Dunn was conducting surveillance on a residence

located at 11130 Bentley when he observed appellant drive from the residence to

another residence located at 3907 Sandy Meadow Lane and move furniture into the

second residence.  Over the next few weeks, Dunn continued to conduct surveillance

on the Sandy Meadow residence during which he periodically observed appellant and

a woman entering and leaving the home.

On January 23, 2013, Dunn saw appellant leave the Sandy Meadows residence

in a white Ford Escape.  He followed appellant to a feed store and observed appellant

leave the store with a yellow bucket of MSM, which Dunn and the State's forensic

chemist testified is a common cutting agent for methamphetamine.  After appellant

failed to signal a left-hand turn, Dunn radioed Officer Susanna Salazar[2] who stopped

---

[1]        *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) & (f) (West 2010).

[2]        Salazar was known by her maiden name, Sealy, at the time of the events in question.

2

appellant's vehicle for the traffic violation. When appellant was unable to produce any identification or proof of insurance, Salazar arrested him. When Dunn arrived at the scene, Salazar translated Dunn's questions for appellant into Spanish and appellant's responses into English for Dunn. Salazar asked for appellant's consent to search his residence. Appellant consented and Salazar drove him to the Sandy Meadow residence that appellant said was his. Once outside, appellant signed a written consent form authorizing the officers' search.

As Dunn and Salazar, now joined by two other officers, began the search, an unidentified woman who claimed that she lived there walked in and out of the home. The search yielded two baggies of methamphetamine in a black bag, $3,845 in a men's jacket, and 34.8 grams of methamphetamine and several bricks of heroin weighing more than four hundred grams inside the garage attic of the residence.

## Discussion

Appellant's point of error contends that the evidence was insufficient to prove beyond a reasonable doubt that he possessed a controlled substance with intent to deliver. Specifically, he argues that the evidence to show that he exercised care, control, or management of the premises where the heroin was discovered was legally insufficient.

### A. Standard of Review

3

We review evidentiary sufficiency challenges under the *Jackson v. Virginia* standard. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, we review the evidence in the light most favorable to the verdict, and ask whether any rational fact-finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). Our review includes both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn therefrom. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury is the sole judge of the credibility of witnesses and the weight to give that testimony, and our role on appeal is simply to ensure that the evidence supports the jury's verdict. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Inconsistencies in the evidence are resolved in favor of the verdict. *See Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

**B. Applicable Law**

To prove unlawful possession of a controlled substance, the State must prove that the accused (1) exercised control, management, or care over the substance, and

(2) knew the matter possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010) ("'Possession' means actual care, custody, control, or management.'"). Possession, however, need not be exclusive. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). When the accused is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must affirmatively link the accused to the substance in such a way that it can reasonably be concluded that the accused possessed the substance and had knowledge of it. *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In other words, whether direct or circumstantial, the evidence "must establish, to the requisite level of confidence, that the accused's connection with the [contraband] was more than just fortuitous." *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Links that may circumstantially establish the sufficiency of the evidence to prove knowing possession include (1) the defendant's presence when a search is conducted; (2) whether the substance was in plain view; (3) the defendant's proximity to and the accessibility of the substance; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to

flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the substance was found; (12) whether the place where the substance was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12.

Not all of these factors must be proved; rather, we must consider the cumulative logical force the factors have in proving possession. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Additionally, absence of some of the factors is not evidence of innocence that must be weighed against the factors that are present. *Id.* Rather, the factors are used to assess the sufficiency of the evidence linking the defendant to knowing possession of contraband. *See Allen v. State*, 249 S.W.3d 680, 694 n.13 (Tex. App.—Austin 2008, no pet.) (explaining that presence or absence of factors "aid[s] appellate courts in determining the legal sufficiency of the evidence in knowing possession of contraband cases"). Because there was evidence presented of the unidentified woman who told officers that she lived in the house coming and going during the search, we examine whether there are sufficient affirmative links between appellant and the cash and drugs. *See Poindexter*, 153 S.W.3d at 406.

### C. Analysis

The record reflects that although appellant was not present when the search was conducted, appellant was the last person Dunn observed occupying the house before the officers commenced their search. *See Haggerty v. State*, 429 S.W.3d 1, 7 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (noting evidence showing defendant was last person to leave home before search supported affirmative link between defendant and contraband). Although Dunn interrupted his surveillance to follow appellant to the feed store, no other evidence suggests that anyone else entered the house during his absence. Further, although the unidentified woman entered the house after the search had begun, the jury could have reasonably inferred that the house, as the officers found it when they began their search, would have been in the same condition as it was when appellant left before going to the feed store. *See id.*

In the course of his investigation, Dunn saw appellant move furniture into the Sandy Meadow house, and over the next few weeks, saw appellant and the unidentified woman enter and leave the residence periodically. Appellant consented to the search at the time of the traffic stop and was driven straight to the Sandy Meadows house which he claimed was his. Outside the house, appellant again provided his consent to search, this time in writing. A rational inference from these facts (appellant's oral and written consent to the search, along with Dunn witnessing

appellant moving furniture into the residence as well as entering and leaving the home over several weeks) is that appellant had a right to possession of the home. *See id.*

The record also reflects that several bricks of heroin (as well as a portion of the methamphetamine), were found inside the residence's closed garage attic that was accessible only by a ladder. *See Triplett v. State*, 292 S.W.3d 205, 210 (Tex. App.—Amarillo 2009, pet. ref'd) (concluding that garage in which contraband was found could be considered enclosed space and provided link connecting defendant to contraband); *see also Williams v. State*, 01-09-00257-CR, 01-09-00258-CR, 2010 WL 2991097, at *6 (Tex. App.—Houston [1st Dist.] July 29, 2010, pet. ref'd) (mem. op., not designated for publication) (finding garage in which contraband was found was enclosed space and linked defendant to contraband). The baggies of methamphetamine, as well, were found in a bedroom closet, typically accessible only to a resident.

Officers also discovered $3,845 in a men's jacket in the bedroom closet. Although the unidentified woman told officers that she lived in the house, a reasonable inference was that the large amount of cash found in a men's jacket in the bedroom closet of appellant's residence belonged to appellant. *See Ex parte Stowe*, 744 S.W.2d 615, 618 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (finding affirmative link established when contraband found in male defendant's closet

8

containing men's clothing).  Finally, although not one of the enumerated factors, we note that Dunn observed appellant loading a large bucket of MSM into his car that was subsequently discovered during the traffic stop.  Dunn and the State's forensic chemist testified that MSM is known as a common cutting agent for methamphetamine, one of the illegal substances found in the bedroom closet and the garage attic of appellant's residence.

As noted above, it is not the number of links that is dispositive, but rather, the logical force of all of the evidence, both direct and circumstantial.  *Evans*, 202 S.W.2d at 162; *Nhem v. State*, 129 S.W.3d 696, 699–700 (Tex. App.— Houston [1st Dist.] 2004, no pet.) (finding links consisting of defendant's personal belongings found in same room as controlled substance and controlled substance found  on defendant's person were sufficient to affirm where defendant was arrested outside of house and defendant was not in exclusive possession of house). Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of the offense, including the element of possession, beyond a reasonable doubt.  Accordingly, we overrule appellant's sole point of error.

## Conclusion

We affirm the trial court's judgment.

                                        Jim Sharp
                                        Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish.  TEX. R. APP. P. 47.2(b).