## FRED O'NEAL v. THE STATE.

No. 12103. Delivered December 19, 1928.
Rehearing denied January 16, 1929.

The opinion states the case.

*J. S. Jameson* and *Donald & Donald* of Bowie for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

An officer had been watching appellant on the night of the arrest and finally when he started to cross the street towards appellant, he ran, and was pursued by the officer into an alley between some buildings. When the officer called upon appellant to stop, he did so, and the officer saw appellant drop something near his feet. It was later picked up by the officer and found to be a bottle containing whiskey.

Appellant sought a postponement based upon the absence of two witnesses. It is not stated in the application for delay nor in the bill of exception complaining of the Court's ruling thereon whether the application was a first or a subsequent one. From the contest filed by the State it appears that the case had been continued by appellant at a former term of the Court. In the absence of a showing that the application was the first, it will be presumed to have been a subsequent one. Logan v. State, 40 Tex. Crim. Rep. 85. Other authorities are collated in Branch's Annotated Texas Penal Code, Sec. 313. Regarded as a subsequent application, it is wholly insufficient, for having omitted the averment that the evidence expected could not be procured from any other source. Art. 544, C. C. P.; Brannan v. State, 1 S. W. (2nd) 279, and authorities cited.

Other bills of exception bring forward objections to the charge of the Court and complaints at the refusal of requested charges. None of the complaints are thought meritorious.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—As to the witnesses named in the application for postponement, there was clearly a lack of diligence. The

application was a second one. We perceive no sort of difference, in so far as the necessity of showing diligence, materiality, etc., are concerned, between an application for postponement and one for continuance. In the one case the absent testimony,—if such be the ground of the application,—can in the opinion of the applicant be had during the current term of court; in the other it can not. The grant of neither is a matter of right, but rests upon the making of a legal showing, and is a matter confided to the sound discretion of trial courts whose action must be accorded weight and respect by the appellate courts.

The charge against appellant in the indictment was transporting intoxicating liquor in a certain county, about a date named; and not that he transported liquor from the side of Doty's store to a point behind same. A special charge that the jury must find beyond a reasonable doubt that appellant transported the liquor from the side of Doty's building to a point behind same, is not deemed of more effective application to the facts than that part of the main charge set out in paragraph three which told the jury they must believe beyond a reasonable doubt that appellant transported intoxicating liquor in Montague county on or about December 23, 1927, before they could convict.

Nor are we able to agree to the proposition urged in the well prepared motion for rehearing strongly argued upon oral presentation, viz: that the evidence is not of that convincing character which justifies a conviction for a felony. A number of suspicious movements of appellant were testified to beside that of his flight, the pursuit of the officer, the observation of something falling near appellant when he stopped and the finding of a bottle of liquor at said point. The officer told of the various places where he observed appellant just prior to his flight. There was an old wreck of a car on the street of Bowie, and after observing him go to other places the officer saw appellant standing by this old car, then cross the street and go toward a corner. Just as appellant got to said corner the officer started toward him and he turned and ran. Flight has usually been regarded as a criminative fact. "The guilty flee where no man pursueth." The officer ran after appellant and when within eight or ten feet of him told the latter to stop, which he did. The officer said he saw something fall on the left side of appellant about eight inches from his feet. He took charge of appellant and near his feet lay a bottle of whiskey which the officer picked up. The officer saw no one and nothing near appellant nor on the ground beside the

bottle of whiskey. Another witness for the State said he had a conversation with appellant the next morning after the arrest and asked appellant if he had any liquor at the time, and appellant replied that he did not know whether he did or not; he had gone and got some somewhere and did not have it on him at that time. Appellant did not say where he had gone to get it, just said he borrowed it. The officer referred to was recalled by the defense and said that he had no flash light on the occasion of the arrest; that he just reached down and picked the bottle up; that he could see it. Appellant did not take the stand and there was no other explanation of the facts suggesting guilt. We are constrained to believe that the original opinion was correct, and the motion for rehearing will be overruled.

*Overruled.*