ACCEPTED
12-15-00073-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/27/2015 2:11:00 PM
Pam Estes
CLERK

CAUSE NO. 12-15-00073-CR

| | | |
|---|---|---|
| YAGO SANTAIN FOUNTAIN | § | IN THE COURT OF APPEALS |
| | § | |
| V. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS | § | TYLER, TEXAS |

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/27/2015 2:11:00 PM
PAM ESTES
Clerk

## STATE'S MOTION FOR REHEARING *EN BANC*

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Comes now the STATE OF TEXAS, and presents its Motion for Rehearing *En Banc* in the above- numbered cause, and in support of this motion, would show the Honorable Court the following:

**I.**

Appellant, Yago Fountain, was indicted in Cause No. 114-0896-14, filed in the 114th District Court of Smith County, Texas, with the offense of Possession of Marijuana. (CR: 1). On March 17, 2015, Appellant, with counsel, pleaded not guilty to the charge contained in the indictment, a jury was selected and the case was tried. After hearing the evidence and argument of counsel, the jury found Appellant guilty as charged in the indictment. (RR 11: 231).

During a short punishment hearing the State established that Appellant had a prior federal conviction for distributing cocaine base. (RR 11: 241). He served close to 10 years in the federal penitentiary and may have been on federal parole from that

conviction when he was arrested in this case. (RR 11: 266). After hearing evidence and argument of counsel, the jury assessed the maximum sentence of 10 years and a $10,000 fine. (RR 11: 278). Appellant gave notice of appeal and briefs were filed by the parties. Thereafter, the Court aborted both the jury's finding of guilt and the maximum sentence they had assessed, and ordered Appellant acquitted.

**II**.

On October 14, 2015, the Court issued its opinion in this case. The Court agreed with Appellant's sole point of error that the evidence was insufficient at trial to show that he possessed marijuana. *Fountain v. State*, No. 12-15-00073-CR, 2015 Tex.App. LEXIS 10533 (Tex.App. - Tyler Oct. 14, 2015) (not designated for publication). The State files this timely motion for rehearing pursuant to Rule 49.1 of the Rules of Appellate Procedure and respectfully requests that the Court reconsider its opinion in this case for the following reasons:

**A.      The affirmative links in this case were sufficient to establish the elements of the charged offense.**

1.      The law provides that "in a possession of a controlled substance prosecution, 'the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband.'" *Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App. 2006) *quoting Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). "Possession need not be

exclusive, however, and a showing of joint possession with another is sufficient."

*Siroky v. State*, 653 S.W.2d 476, 479 (Tex.App. - Tyler 1983, *pet. ref'd*). Direct or

circumstantial evidence may be used to prove knowing possession of a controlled

substance. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). As the Court

of Criminal Appeals explained in *Evans*:

> Mere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs. However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g.," links"), may well be sufficient to establish that element beyond a reasonable doubt. (footnote omitted).
>
> *Id*. at 162.

The Court also provided a nonexclusive list of possible links that Texas courts

had recognized as sufficient, "either singly or in combination, to establish a person's

possession of contraband": (1) the defendant's presence when a search is conducted;

(2) whether the contraband was in plain view; (3) the defendant's proximity to and

the accessibility of the narcotic; (4) whether the defendant was under the influence

of narcotics when arrested; (5) whether the defendant possessed other contraband or

narcotics when arrested; (6) whether the defendant made incriminating statements

when arrested; (7) whether the defendant attempted to flee; (8) whether the

defendant made furtive gestures; (9) whether there was an odor of contraband; (10)

whether other contraband or drug paraphernalia were present; (11) whether the

defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Id*. at 162 n.12.

**2.** In this case, the opinion of the Court found that the State's affirmative link evidence sufficiently showed that Appellant was aware that marijuana was hidden under the hood of the vehicle in which he was traveling. *Fountain*, 2015 Tex.App. LEXIS 10533 at *11. However, the Court thereafter disagreed with the jury's verdict that the evidence established sufficient links to support an inference that Appellant had "exercised care, custody, control or management over a substance." *Fountain*, 2015 Tex.App. LEXIS 10533 at *15.

In discussing the lack of evidence concerning Appellant's control of the contraband, the Court first noted that "[t]he borrowed Suburban, presence on Interstate 20, Mitchell's and Appellant's conflicting statements, and Appellant's nervousness and lack of surprise are links showing Appellant's knowledge of the contraband inside the Suburban's engine compartment." *Id*. at 23.

However, after agreeing with the jury's reasonable conclusion that Appellant was aware that over eight pounds of marijuana was concealed under the hood of the Suburban, the Court further found that: "there is no circumstantial evidence to show

that Appellant exercised care, custody, control, or management over the marijuana" as "he was a passenger, he was not under the influence of marijuana, he made no statements linking himself to the marijuana, he possessed no other contraband or paraphernalia on his person, he made no incriminating statements, and law enforcement did not witness a drug transaction in Appellant's presence." *Id.*

However, "the absence of the above facts and circumstances is not evidence of appellant's innocence to be weighed against evidence tending to connect appellant to the marihuana." *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976). *See also James v. State*, 264 S.W.3d 215, 219 (Tex. App.-Houston [1st Dist.] 2008, *pet. ref'd*) ("The absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present"); *Hurtado v. State*, 881 S.W.2d 738, 745 (Tex.App.-Houston [1st Dist.] 1994, *pet. ref'd*) ("Because our review is no longer based on whether the State disproves reasonable alternatives to a defendant's guilt, we need not consider affirmative link factors that are absent from the evidence.").

3.     And, in reaching its conclusion regarding a lack of circumstantial evidence, the Court did not discuss the impact of evidence that was heard by the jury showing that Appellant, jointly exercised care, custody and control over the marijuana. First, it was undisputed at trial that there was no evidence that Appellant and Mitchell were

ever apart from each other during the entire time they were on their one-day trip from Louisiana to Dallas and back. (RR 11: 52, 78, 158). And, when Trooper Martin pulled the hood release latch to have a look in the engine compartment, Appellant and Mitchell "seem to be looking at each other and having a conversation as you're popping that hood and walking up there." (RR 11: 154).

If the two never separated, then logically, Appellant *must have been* with Mitchell when they took custody of the marijuana and placed it under the hood. Thus, if the jury concluded from this evidence that Appellant was equally in care custody and control of the contraband, or even that it was Appellant who hid marijuana, that would certainly be a reasonable deduction from the evidence.

Additionally, when Trooper Martin first approached the Suburban, Appellant had already unbuckled his seatbelt and appeared to the trooper to be contemplating an escape attempt:

Q. You said he unbuckled his seat belt. That was unusual to you?

A. He just had this blank -- I don't want to say scared, but it was a wide-eyed look to him. And I immediately asked him if he was okay. And, you know, I think I even said, you know, "You plan on running? What's" -- you know, I made an issue out of it because that's not normal. Obviously, I'm up there by myself, and there's -- I see this vehicle's occupied by two people, and I just want to make sure, you know. In my mind, I'm wondering what's going through this gentleman's mind. You know, why is he acting like this?

(RR 11: 45-46).

The Court of Criminal Appeals has long considered flight to be strong evidence of guilt. *See e.g. O'Neal v. State*, 111 Tex. Crim. 315, 318 (Tex.Crim.App. 1929) ("Flight has usually been regarded as a criminative fact. 'The guilty flee where no man pursueth.'"). Mitchell likewise appeared to be contemplating a quick getaway from the scene as he left his door open when Trooper Martin asked him to step out of the vehicle:

> Q.     Okay. Did you actually show him the defective license plate lamp?
>
> A.     Yes, sir. When he stepped out, he actually left his driver's side door open in traffic, so I actually had to tell him, "Hey, go close your door," you know. Again, that's not normal either. I mean, most people, when you have them step out, they immediately close their door. So I had to tell him.
>
> (RR 11: 48-49).

Most respectfully, if the jury concluded from this evidence that both Mitchell and Appellant were exercising care, custody and control over the marijuana that the Court believes Appellant knew was hidden in the vehicle - why was that not a reasonable deduction? "It is the logical force of the circumstantial evidence, not the number of links, that supports a jury's verdict." *Evans*, 202 S.W.3d at 166.

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 315-19, 99 S.Ct. 2781,

2786-88, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim. App. 2010); *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App. 1993). The evidence in this case must be examined in "the light most favorable to the verdict." *Jackson*, 443 U.S. at 319; *Johnson*, 871 S.W.2d at 186. This standard gives full play to the sole responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *Jackson*, 443 U.S. at 319.

Under the applicable standard, this Court "may not sit as a thirteenth juror and substitute [its] judgment for that of the fact finder by reevaluating the weight and credibility of the evidence." *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, the Court should defer to the fact finder's resolution of conflicting evidence unless that resolution simply is not rational. *Brooks*, 323 S.W.3d at 899-900.

Here, the Court concluded from the record that, "unlike *Blackman*, there is no circumstantial evidence in this case to show that Appellant exercised care, custody, control, or management over the marijuana - he was a passenger, he was not under the influence of marijuana, he made no statements linking himself to the marijuana, he possessed no other contraband or paraphernalia on his person, he made no incriminating statements, and law enforcement did not witness a drug transaction in

Appellant's presence." *Fountain*, 2015 Tex. App. LEXIS 10533 at 23. However, each of these missing links are equally absent from Mitchell as well - except for the mere fact that he was sitting in the seat next to Appellant's. Similarly, every one of the affirmative links recognized by the Court would also apply to Mitchell.

Does this mean that the Court would also absolve Mitchell of exercising care, custody and control over the marijuana hidden under the hood? Would it be reasonable for the Court to conclude that, while the evidence sufficiently established that both men were aware of the marijuana, *neither* of them exercised care, control or custody over it? Or that only Mitchell exercised control simply because he happened to be driving when Trooper Martin stopped the vehicle?

The Court specifically found that "[t]he borrowed Suburban, presence on Interstate 20, Mitchell's and Appellant's conflicting statements, and Appellant's nervousness and lack of surprise are links showing Appellant's knowledge of the contraband inside the Suburban's engine compartment." *Id*. at 23. This finding would clearly apply to Mitchell as well, where the evidence showed that he too was unusually nervous and was not surprised. (RR 11: 60, 80). Thus, the exact same affirmative links, or lack thereof, apply to Mitchell as well as Appellant.

In the State's view, it is inconceivable that the evidence could be found sufficient to support that two individuals knowingly transported over eight pounds

of marijuana from Dallas to Louisiana, and yet failed to establish that either ever exercised care, custody or control over the contraband being transported.

Consequently, for the reasons argued in the State's original brief, the jury's verdict that Appellant was guilty as charged was both reasonable and founded upon sufficient evidence. Most respectfully, when the Court found otherwise, it improperly substituted its judgment for that of the fact-finders'. *See Dewberry*, 4 S.W.3d at 740.

## PRAYER

**WHEREFORE**, premises considered, the State respectfully requests that the Honorable Court reconsider its opinion in this case *en banc* regarding Appellant's point of error, and find that the evidence in this case sufficiently established the elements of the offense charged, and affirm the verdict of the jury.

Respectfully submitted

/s/ *Michael J. West*

Michael J. West, SBN: 21203300
Assistant Criminal District Attorney
Smith County, Texas
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the pertinent sections of the State's Reply Brief in the above numbered cause contain 2,128 words, an amount which complies with Texas Rule of Appellate Procedure 9.4 (i) (Vernon 2015).

/s/ *Michael J. West*

Michael J. West
Asst. Criminal District Attorney

## CERTIFICATE OF SERVICE

On _____October 27, 2015_____, at true and complete copy of this instrument has been sent via electronic filing to:

Mr. Austin Jackson
Attorney at Law
112 East Line, Ste. 310
Tyler, Texas 75702

/s/ *Michael J. West*

Michael J. West, SBN: 21203300
Assistant Criminal District Attorney
Smith County, Texas
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)